Sylvie MALLOY, Plaintiff,

v.

LEE COUNTY, FLORIDA, Defendant.

No. 87–83–CIV–FTM–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 7, 1988.

Frank X. Kowalski, Jr., Gillette, Pilon and Richman, P.A., Naples, Fla., for plaintiff.

James G. Yaeger, Lee Co. Atty., Fort Myers, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for summary judgment, Plaintiff's motion for partial summary judgment, and responses.

In 1985, Plaintiff applied for a position with Defendant titled "Training and Staff Development Coordinator (Personnel Management Analyst II)." Defendant received approximately one hundred applications for the available position. Defendant's Director of Human Resources, Joseph Flint, delegated to George Bradley the responsibility for reviewing the applications. Forty-nine of the applicants were considered to meet the minimal qualifications, and Plaintiff was one of these applicants. Mr. Bradley selected five candidates to be interviewed; Plaintiff was not among them. Mr. Flint interviewed the five candidates recommended by Mr. Bradley, three males and two females, and never again examined the qualifications of the other

applicants, including Plaintiff. A white male was selected for the position and hired.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996-7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. 477 U.S. at 322, 106 S.Ct. at 2552, at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at p. 324, 106 S.Ct. at p. 2553, at p. 274. The Court is satisfied that no factual dispute remains which precludes summary judgment.

■ In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court described a typical model that would establish a prima facie case of discriminatory treatment. Plaintiff must show: 1) That he belongs to a racial minority; 2) That he applied and was qualified for a job for which the employer was seeking applicants; 3) That, despite his qualifications, he was rejected; and 4) That, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. The formula is not inflexible but must be applied in light of the specific case under adjudication. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The burden then shifts to the employer to explain clearly the nondiscriminatory reasons for its actions. The employer is required to frame the factual issue with sufficient clarity so that the Plaintiff will have a full and fair opportunity to demonstrate pretext. That is, Plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision. *Texas Dept., supra*, 450 U.S. at 256, 101 S.Ct. at 1095, at 217. Plaintiff may succeed by persuading the Court that a discriminatory reason more likely motivated the employer, or indirectly by showing the employer's proffered explanation is unworthy of credence. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 804-5, 93 S.Ct. 1817, 1825-26, 36 L.Ed.2d 668 (1973).

■ Plaintiff has attempted to modify the *McDonnell Douglas* test. Plaintiff argues that "[w]here a position does not remain open, but a male is ultimately selected, a prima facie case is made." *Thorne v. City of El Segundo*, 726 F.2d 459 (9th Cir.1983). The Court does not agree that *Thorne* modifies the test. Under that theory, whenever a male is hired instead of a female, the female would have a prima facie case of sex discrimination, assuming both male and female meet the job qualifications. The Court believes that it is critical that the test be applied the way the Supreme Court formulated it: *After rejection, the position remains open, and the employer continues to seek applicants from persons of complainant's qualifications.*

In *Thorne*, the facts fit the classic *McDonnell Douglas* test. Deborah Thorne was a member of a group protected by Title VII. She applied for a position as a police officer with the City of El Segundo. She was rated qualified on all applicable

tests. She submitted to a polygraph, and there was no indication that her answers were false. However, Thorne was rejected for the position, and a male was ultimately hired. The Ninth Circuit Court of Appeals set aside as clearly erroneous the District Court's finding that Thorne was not qualified. *Thorne* at 464. Under those facts, each element of the *McDonnell Douglas* test was met. As the Supreme Court has stated:

> The burden of establishing a prima facie case of disparate treatment is not onerous. The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination. The prima facie case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for the plaintiff's rejection.

*Texas Dept. of Community Affairs vs. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) (citations omitted).

The facts of the case at bar do not meet the requirements of the *McDonnell Douglas* test. Both parties admit that Plaintiff is a member of a minority, and both parties agree that Plaintiff meets the minimum qualifications for the job. Plaintiff was not selected for personal interview, and a male applicant who was personally interviewed was hired. Defendant did not reject Plaintiff from consideration, and continue to seek additional applicants from persons of complainant's qualifications.

Defendant received approximately one hundred applications for the available position. Defendant determined that approximately forty-nine applicants met the job requirements. Plaintiff was among this group. Next, Defendant screened the pool of applicants further, and selected five for personal interviews. These included three men and two women. Plaintiff was not among this group. George Bradley screened the pool of applicants in light of his judgment and experience, using the following characteristics: 1) Whether appli-

cant met minimum requirements; 2) Years of experience; 3) Recent relevant experience; 4) Prediction of stability in particular job available; 5) Prediction of success in particular job available; 6) Ability to follow oral and written instructions; 7) Completeness of application. (Deposition of Bradley, pp. 63–64). Plaintiff was not disqualified from consideration. Ms. Malloy was never told she was not qualified and that her application was considered and discarded. Since supply greatly exceeded demand, Defendant, through its employee, picked five of the qualified candidates to interview further. After the interviews, Defendant extended an offer to one of those candidates, and it was accepted. The Court presumes that if none of the initial group of five finalists had accepted the offer, further consideration would have been given to the remaining pool of applicants. (See Govt. Ex. 2, Malloy Deposition).

Using his judgment and experience, George Bradley evaluated the candidates and picked five candidates who seemed likely to succeed in the available position, using the written presentation of each candidate as a guide. In order to appropriately use his time and resources, George Bradley was required to make an educated guess. There was no need to give additional consideration to Plaintiff's application, since one of the five finalists accepted the position. To decide this case otherwise would require each applicant for every position to be interviewed as "litigation prevention insurance," regardless of time or other constraints. It is an unwarranted intrusion into Defendant's business judgment for the Court to substitute its judgment for that of employee's agent.

Plaintiff has relied heavily on *Joshi v. Florida State University,* 646 F.2d 981 (5th Cir.1981) to argue that Plaintiff was never given a meaningful opportunity to compete, Plaintiff was never given an interview, and Plaintiff's qualifications were never compared to the qualifications of the persons who were selected for interviews. In *Joshi I,* the Court of Appeals established that a prima facie case had been made where Plaintiff first applied on August 18, 1975, was not hired due to a hiring freeze

which was later lifted, a screening committee was established to review her application after Plaintiff has already been ranked as qualified, Plaintiff was interviewed by the committee on January 22, 1976, additional vacancies opened while Plaintiff's application was pending, and action on Plaintiff's application was tabled until advertising produced further applications. A male was hired for the position for which Plaintiff had initially applied, an offer and interviews were made to male applicants for the additional vacancies, and two male applicants were ultimately hired. There are significant differences between the fact pattern in *Joshi I* and the case now before the Court. Here, there was a period of advertising which produced applications, the applications were screened, finalists were selected for personal interview, and one offer was made and accepted. Plaintiff is attacking the screening process as discriminatory, and has argued that without an interview she had no meaningful chance to compete. Based on the record before the Court, the same screening process was applied to all the applications, and this process produced three male and two female finalists. No rejection of Plaintiff's application was communicated to her, and the vacancy did not remain open while Plaintiff's application was pending.

 The central focus of the inquiry in a case of discriminatory refusal to hire under Title VII is whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin. Title VII forbids an employer from having as a goal a work force selected by any proscribed discriminatory practice, but it does not impose a duty to adopt a hiring procedure that maximizes hiring of minority employees. *Furnco Construction Corporation v. Waters*, 438 U.S. 567, 578, 98 S.Ct. 2943, 2950, 57 L.Ed. 2d 957 (1978). The statute was not intended to "diminish traditional management prerogatives." *Steelworkers v. Weber*, 443 U.S. 193, 207, 99 S.Ct. 2721, 2729, 61 L.Ed. 2d 480 (1979). The employer has the discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria. *Texas Dept.*

*of Community Affairs v. Burdine*, 450 U.S. 248, 260, 101 S.Ct. 1089, 1097, 67 L.Ed. 2d 207 (1981).

The record is devoid of any evidence that Defendant singled out Plaintiff for less favorable treatment than any other applicant. There were many applicants, and only one position available. Plaintiff has not demonstrated a prima facie case of discrimination in hiring on the basis of sex. For the sake of argument, assuming Plaintiff did demonstrate a prima facie case, Plaintiff has not demonstrated that the proffered reason was not the true reason for the employment decision, or otherwise discredited the employer's reason for its hiring decision. Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment is denied; it is further

ORDERED that Defendant's motion for summary judgment is granted; it is further

ORDERED that the Clerk of District Court is directed to enter judgment as to Plaintiff's claim pursuant to 42 U.S.C. Sec. 2000e et seq.