Amy Joyce MADER, etc., Plaintiffs,

v.

CITY OF ST. PETERSBURG, et al., Defendants.

No. 87–651–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 10, 1989.

Gardner W. Beckett, Jr., Nelson, Beckett & Nelson, St. Petersburg, Fla., for plaintiffs.

Michael Davis and Steven C. Dupré, Baynard, Harrell, Mascara & Ostow, P.A., St. Petersburg, Fla., and Lynn M. Gilleland, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, Fla., for defendants.

ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

Dkt. 12   Defendants' Motion to Dismiss Amended Complaint

Dkt. 14   Request for Oral Argument

Dkt. 16   Request for Entry Upon Land

Dkt. 17   Plaintiffs' Opposition to Motion to Dismiss

Dkt. 19   Motion for Determination under Rule 23(c)(1)

Dkt. 25   Defendants' Reply to Opposition to Motion to Dismiss

Dkt. 26   Joinder in Request for Oral Argument

Dkt. 27   Motion to Permit Communication with Members of Class

Dkt. 28   Motion for Leave to Intervene by Miami Motorsports Inc.

Dkt. 32   Response to Motion for Leave to Intervene

Dkt. 33   Opposition to Motion for Leave to Intervene by Plaintiffs

Dkt. 34 Supplement to Defendants' Reply in Support of Motion to Dismiss

Dkt. 35 Notice of Filing Supplemental Authority

Dkt. 36 Response to Notice of Filing Supplemental Authority

Dkt. 38 Request for Entry upon Land

Dkt. 41 Notice of Filing Affidavits

Dkt. 42 Plaintiff's Motion for Summary Judgment as to Liability and Opposition for Defendant's Motion for Summary Judgment

Dkt. 43 Notice of Filing Counter–Affidavits

Dkt. 44 Defendants' Opposition to Plaintiff's Motion for Summary Judgment as to Liability

## I. MOTION FOR SUMMARY JUDGMENT

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.' " *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at p. 274. The Court is satisfied that no factual dispute remains which precludes summary judgment.

Defendants argue that Plaintiff fails to state a claim because no taking in violation of the Fifth and Fourteenth Amendments flows from running of the Grand Prix as authorized by the Racing Act. In *Richards v. Washington Terminal Co.*, 233 U.S. 546, 553–4, 34 S.Ct. 654, 657, 58 L.Ed. 1088 (1914), the Supreme Court said:

> What is to be deemed a private nuisance such as amounts to a taking of property? ... Any diminution of value of the value of property not directly invaded nor peculiarly affected, but sharing in the common burden of incidental damages arising from the legalized nuisance, is held not to be a "taking" within the constitutional provision. The immunity is limited to such damages as naturally and unavoidably result from the proper conduct of the road and are shared generally by property owners whose lands lie within range of the inconveniences necessarily incident to proximity to a railroad. It includes the noises and vibrations incident to the running of trains, the necessary emission of smoke and sparks from the locomotives, and similar annoyances inseparable from the normal and non-negligent operation of a railroad ...

> That the constitutional inhibition against the taking of private property for public use without compensation does not confer a right to compensation upon a landowner, no part of whose property has been actually appropriated, and who has sustained only those consequential damages that are necessarily incident to proximity to the railroad, has been ... generally recognized....

In *Richards*, the Supreme Court rejected the "taking" claim as it related to the noise and smoke emissions that generally affected "property owners whose lands lie within the range" of the railroad.

Plaintiff responds that her complaint is that it is not necessary that the race be run by cars without mufflers, and that Section 549.08(8) abolishes any cause of action for nuisance. Plaintiff contends that the immunity extends only to the race itself, and to those aspects of the nuisance which cannot be prevented by stopping the race itself. Plaintiff argues that the abolition of the right of action for damages for unnecessary noise violates property rights secured by the Fifth and Fourteenth Amendments. Plaintiff has abandoned her claim for damages from gases or fumes associated with the race.

## II. HAS PLAINTIFF LOST HER CAUSE OF ACTION FOR UNNECESSARY RACE NOISE?

There is no question that Plaintiff finds the noise of the race unpleasant and feels she deserves compensation for the inconvenience she experiences. The question remains whether the noise generated by the race is unnecessary.

Defendants have filed the affidavit of Bob Anderson, a racing official, who is in charge of the professional racing department of the Sports Car Club of America. He has testified that all the racing cars are equipped with mufflers, and that the noise generated is caused by the substantial horsepower of the engines and the high speeds at which the vehicles are run. This affidavit is not controverted by Plaintiff.

■ Plaintiff has filed the affidavit of Thomas Dunn, a resident of Bayfront Tower. Mr. Dunn states that the automobiles are run without ordinary mufflers. However, Dunn does not establish his competence to give that opinion, does not state that he has personal knowledge of this fact, nor does he lay a foundation for it. Naked conclusions are not sufficient to create a genuine factual issue.

Defendants have also filed the affidavit of David Byers, who is the Noise Abatement Officer of the Sarasota–Bradenton Airport in Sarasota, Florida. His responsibilities in that capacity include monitoring and measuring noise levels. Byers found that the decibel levels in Plaintiff's condo-

minium unit during the 1987 Grand Prix averaged between 55 and 65 decibels while the cars were racing, and between 35 and 40 decibels when the cars were not racing. His affidavit states that during the race he was able to speak with Plaintiff in normal conversational tones, and made a telephone call without interruption.

Plaintiff has filed an affidavit stating that solely to escape the noise, she has vacated her condominium located on the fifteenth floor of the Bayfront Tower during 1986, 1987 and 1988, and that many other residents do the same.

Plaintiff has no standing to bring a Section 1983 action in the absence of some actual deprivation of a constitutional right. The Court is seeking to determine whether Plaintiff has actually lost a cause of action, or whether her complaint is merely theoretical.

■ Whether this particular Plaintiff has a cause of action for private nuisance for unnecessary race noise turns on whether the City was reasonable in granting a permit to Defendant Motor Sports waiving its noise ordinance, effectively allowing Defendant to freely choose the noise level of the event. If it is found that the City was reasonable in granting the permit, then this Plaintiff has not lost her cause of action.

■ There is no allegation that Plaintiff ever sought review of the permit to determine its reasonableness, or used the available eminent domain procedures under state law. A Section 1983 action does not lie where there is a failure to exhaust such procedures. *Williamson County Regional Planning v. Hamilton Bank*, 473 U.S. 172, 194 n. 13, 105 S.Ct. 3108, 3121 n. 13, 87 L.Ed.2d 126 (1985).

In *Barbian v. Panagis*, 694 F.2d 476, 480 (7th Cir.1982), the Court said:

An action under Section 1983 does not provide a collateral forum in which to question the merits of a municipal agency's administration of a local noise ordinance, but is limited to whether or not the Department's decision was arbitrary and capricious, and thereby deprived plaintiffs of their property.... More-

over, the administration of the noise ordinance, as an exercise of local police power, (citations omitted) is presumed to be reasonable. The burden rests with the party alleging the decision was arbitrary to rebut that presumption.

Plaintiff has not sought a determination that the City's action in waiving its noise ordinance was arbitrary and capricious. Plaintiff states in paragraph 14 of the amended complaint that "It is not necessary to the running of the Grand Prix Motor Race that the cars in the race operate without mufflers as the race is decided on the basis of the speed of the cars and not the amount of noise they make." The uncontroverted affidavit of Bob Anderson states that the noise is caused by speed of the vehicles and the horsepower of the engines, not by the absence of mufflers.

In other words, Plaintiff believes that the City's action in waiving its ordinance was unreasonable, and is asking that this Court accept this statement as fact, even though there has been no adjudication of the issue. In this context, "unreasonable" means "unrelated to a proper state purpose." The purpose of conducting the Grand Prix is to promote commerce and tourism in St. Petersburg, and the State of Florida. The uncontroverted Economic Impact Statement of Janet Avallone establishes that the this purpose has been achieved.

The Court finds that this action is premature because no review of the permit waiving the noise ordinance has been sought. All other pending motions are denied as moot. Accordingly, it is

ORDERED that the motion to dismiss, considered as a motion for summary judgment, is *granted*, and this case is dismissed without prejudice. The Court reserves jurisdiction for the award of fees and costs. It is further

ORDERED that all other motions are denied as moot.

DONE and ORDERED.