The CONE CORPORATION, et al., Plaintiffs,

v.

HILLSBOROUGH COUNTY, et al., Defendants.

No. 89–540–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 13, 1990.

See also, D.C., 723 F.Supp. 669.

Herbert P. Schlanger, Atlanta, Ga., and Maxwell G. Battle, Jr. and R. Michael Deloach, Maxwell G. Battle, Jr., P.A., Dunedin, Fla., for plaintiffs.

Claude H. Tison, Jr. and Michael D. Malfitano, MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for defendants.

ORDER ON MOTIONS

KOVACHEVICH, District Judge.

The cause is before the Court on Plaintiffs' renewed motion for summary judgment, filed December 29, 1989; Plaintiffs' motion for Rule 11 sanctions, filed January 3, 1990; Defendants' response to renewed motion for summary judgment, filed January 11, 1990; Defendants' response to motion for Rule 11 sanctions; Defendants' motion for stay pending appeal, filed January 23, 1990; Plaintiffs' reply to response to motion for summary judgment, filed January 25, 1990; and Plaintiffs' response to motion for stay, filed January 30, 1990.

This circuit clearly holds that summary judgment should only be entered when the

moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at p. 274. The Court is satisfied that Defendant has not carried its burden in opposition to the renewed motion for summary judgment.

Defendants assert in response to the renewed motion for summary judgment that the discovery which they will be seeking will enable them "to show a long-standing pattern and practice of discrimination by contractors in Hillsborough County." As pointed out by Plaintiffs, they admit that they have no such information at this time:

> ... defendants do not have in their own possession documents and other evidence that would satisfy this Court's interpretation of *Croson*. (Defendants' response page one).

It is implicit in this response that Defendants did not have such information at the time the resolutions in question were passed.

The Court is in agreement with the position of Plaintiffs, as stated in their reply to Defendants' response:

> If the "remedy" of the set-aside program was created to overcome this supposed "pattern and practice of discrimination", then—since the Commission had no evidence of the existence of the "problem" at the time they implemented the "remedy"—the "remedy" could not possibly have been a "narrowly tailored" solution. The Commission was not aware of the parameters of the problem (since it lacked a factual basis), so it could not possibly have tailored the remedy narrowly.

The Court cannot permit Defendants to "discover" evidence after the fact to support the legislative action of passing the resolutions at issue. "The findings that *Croson* requires are legislative, and implicitly must precede the legislative act ... The findings cannot be supplied ... at a later time when the legislative act is challenged in court." *Cone Corp. v. FDOT*, Case No. TCA 88–40042–WS (N.D.Fla. 1989). The Court, therefore, concludes that the renewed motion for summary judgment should be granted.

The Court having reviewed the remaining motions, motion for Rule 11 sanctions and motion for stay pending appeal, determines that neither motion should be granted. Accordingly, it is

ORDERED that the motion for Rule 11 sanctions and motion for stay pending appeal be denied, the renewed motion for summary judgment be granted, and Plaintiffs shall have ten (10) days from this date in which to submit to the Court a proposed final summary judgment, in its favor, for the Court's signature.

DONE and ORDERED.