708 F.2d 655
 32 Fair Empl.Prac.Cas. 384,
32 Empl. Prac. Dec. P 33,722
Donald A. SWEAT, Executor of the Will of Barbara C. Carlson,
Plaintiff-Appellant,
v.
MILLER BREWING COMPANY, A Wisconsin Corp., Defendant-Appellee.
 No. 82-8175.
 United States Court of Appeals,
Eleventh Circuit.
 July 1, 1983.
 
 Stagg, Wildau, Simpson, Hoy & Oakley, Mary Ann B. Oakley, Atlanta, Ga., for plaintiff-appellant.
 Donald B. Harden, Weyman T. Johnson, Jr., Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before RONEY and CLARK, Circuit Judges, and GIBSON*, Senior Circuit Judge.
 RONEY, Circuit Judge:
 
 
 1
 Barbara C. Carlson alleges her discharge from Miller Brewing Company was the result of sex and age discrimination in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. 42 U.S.C.A. Secs. 2000e et seq., 29 U.S.C.A. Secs. 621 et seq. The district court denied Carlson's motion to compel discovery of statistical information and granted summary judgment for the employer. Because a genuine issue of fact was presented concerning the reason for Carlson's discharge, we reverse the grant of summary judgment and remand the case for a trial. We remand the motion to compel discovery for reconsideration by the trial judge.
 
 
 2
 Donald A. Sweat, the executor of Carlson's will, has been substituted as a party in this appeal because of Carlson's death while this appeal was pending. The motion for substitution was unopposed. Because the parties have not addressed the matter, we assume without deciding that this action survives the death of the plaintiff. See Kilgo v. Bowman Transportation, Inc., 87 F.R.D. 26, 28 (N.D.Ga.1980).
 
 
 3
 In reviewing the grant of summary judgment, the question is whether there is any genuine issue of material fact. Fed.R.Civ.P. 56(c). We must view the evidence in the light most favorable to Carlson, the party opposing the motion for summary judgment. Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc., 669 F.2d 1026 (5th Cir. Unit B 1982).
 
 
 4
 Barbara Carlson, a woman over 40 who was qualified for her position as an industrial relations representative at the Miller Brewing Company, was discharged. Two males under 40 were added to the staff as industrial relations representatives. As defendant recognizes, this establishes a prima facie case of sex and age discrimination. Miller Brewing Company articulated a legitimate nondiscriminatory reason for Carlson's discharge, claiming it was because she stated she had taped the exit interview of another Miller employee. According to the company, this incident undermined her credibility and that of the department.
 
 
 5
 Carlson claims that the reason asserted for her dismissal was merely a pretext for impermissible age and sex discrimination. An employee may demonstrate pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). Carlson presented evidence that her supervisor, Richard Wilson, was motivated by discriminatory intent, and evidence that the stated reason for her dismissal was not credible.
 
 
 6
 Carlson presented affidavit and deposition testimony concerning Wilson's discriminatory intent. (1) Wilson had told Carlson she did not fit his "management style" and that women have a difficult time in labor relations. (2) When Carlson observed that she had not seen any women as industrial relations managers, Mr. Wilson replied, "We take care of that during the appraisal." (3) When Carlson asked Wilson if some of her heavy workload could be shared with others, he responded, "that is a typical female remark." (4) He assigned the brewery's uniform program to her because she was a woman. (5) As time for production at the brewery approached and more employees were hired, Mr. Wilson specifically informed Ms. Carlson that he was going to hire two male industrial relations representatives. Two males under age 40 were soon hired. (6) Wilson, under age 40, referred to some of Carlson's work experience as "ancient history" and told her that working is difficult "after the years add up." (7) Mr. Wilson referred to a Miller officer approximately Carlson's age as a "senile old man." (8) He also told Ms. Carlson that "old people serve no useful purpose." (9) When Ms. Carlson was ill and required hospitalization soon after her arrival in Albany Mr. Wilson told her that he did not think she would be physically fit to return to work at her age.
 
 
 7
 Attempting to discount the employer's stated reason for her dismissal, Carlson alleges that her supervisor gave differing accounts of the precise reason for her dismissal. She presented testimony from various Miller employees to support her claim that the supervisor's criticisms of her were not factually supported. Regarding the "taping incident," she explained her reason for her statement that she had taped the interview. Carlson claims there is no evidence that she was warned, suspended, reprimanded, or relieved of any duties during the seven weeks following the incident because of damage to her credibility or that of the department.
 
 
 8
 Through this evidence, Carlson has presented a question of fact as to whether the stated reason for her dismissal from Miller Brewing Company was a pretext for discrimination. The Supreme Court has stated that intent is the ultimate issue of fact to be determined in an employment discrimination suit. Pullman-Standard v. Swint, 456 U.S. 273, 288-89, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66 (1982). The employer's intent is clearly disputed in this case, and summary judgment was therefore inappropriate. See Hayden v. First National Bank, 595 F.2d 994, 997 (5th Cir.1979) ("[w]hen dealing with employment discrimination cases, which usually necessarily involve examining motive and intent ... granting of summary judgment is especially questionable.").
 
 
 9
 We intimate no view as to the ultimate outcome of this case, but simply hold that the factual dispute concerning the employer's intent must be submitted to the trier of fact. That Wilson was biased against women and older persons would not necessarily translate into intent or pretextual reasons for firing. The overall evidence, however, is conflicting enough to require a trial.
 
 
 10
 The district court stated that Carlson could not prevail unless she could show "that she would not have been fired but for her age or sex." Carlson had no evidence that males or persons under 40 would have been treated differently. Circumstantial evidence that males or younger persons were treated differently, however, was not the only way for Carlson to present a question of fact as to pretext. See Williams v. General Motors Corp., 656 F.2d 120, 130 (5th Cir. Unit B 1981) (noting that evidence of employer's intent to discriminate on the basis of age could be direct evidence, such as a paper with the notation "Lay-Off--Too Old" beside a plaintiff's name, or circumstantial evidence such as statistics or evidence of employer subterfuge), cert. denied, 455 U.S. 943, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982).
 
 
 11
 This case is not similar to Anderson v. Savage Laboratories, Inc., 675 F.2d 1221 (11th Cir.1982), in which the employer introduced evidence that it had uniformly discharged a number of persons for violating the same "work rule" without regard to age. Miller has introduced no evidence that anyone else has been discharged for the same asserted reason. Whether Carlson's alleged "breach of professionalism" was actually the reason for her discharge is a question for the trier of fact.
 
 Motion to Compel Discovery
 
 12
 Carlson sought statistical information regarding the sex and age of persons employed by Miller Brewing Company as industrial relations representatives and managers for a period of approximately seven years. She also requested copies of the company's EEO-1 reports for the same period. Carlson appeals the district court's denial of her motion to compel discovery of this information.
 
 
 13
 The defendant's motion for summary judgment in this case was filed on October 13, 1981. Plaintiff's motion to compel discovery was filed November 2, 1981 and denied by the district court on January 7, 1982. The court gave no specific reason for the denial, but stated: "It is the Court's view that in the present posture of this litigation the Plaintiff's motion to compel should not be granted." It appears the denial of Carlson's motion to compel discovery of statistical evidence was based, at least to some extent, on the trial court's perception of the issues discussed above. On remand, the district court should reconsider the motion to compel discovery. Although we are reluctant to order discovery of particular information by reversing the denial of the motion, recognizing the broad discretion of the trial judge in discovery matters, we note that liberal discovery rules are applied in Title VII litigation. Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext, even in a case alleging an individual instance of discrimination rather than a "pattern and practice" of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805, 93 S.Ct. 1817, 1826, 36 L.Ed.2d 668 (1973); Burns v. Thiokol Chemical Corp., 483 F.2d 300, 306 (5th Cir.1973).
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Floyd R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation