**Joseph GRIFFITH, By His Parent, Legal Guardian, and Next Friend, Christine GRIFFITH, Plaintiff,**

v.

**James G. LEDBETTER, Commissioner, Georgia Department of Human Resources, et al., Defendants.**

No. 1:86–CV–142–HTW.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 11, 1989.

Barbara Mae Hoffman, Office of Barbara Mae Hoffman, David Ferleger, Office of David Ferleger, Allan M. Tepper, Law Office of David Ferleger, Philadelphia, Pa., for plaintiff.

Beverly Patricia Downing, Office of State Atty. Gen., Atlanta, Ga., Jefferson James Davis, Davis & Davis, Decatur, Ga., for defendants.

## ORDER OF COURT

**HORACE T. WARD, District Judge.**

This matter is before the court on defendants' motion for partial summary judgment. Summary judgment is only proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Warrior Tombigbee Transportation Co., Inc. v. M/V NAN FUNG*, 695 F.2d 1294, 1296 (11th Cir.1983); Fed.R.Civ.P. 56(c). The court must review the evidence and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983).

Plaintiff's complaint, as amended, alleges that defendants have violated plaintiff's "rights under the Fourteenth Amendment to liberty, freedom from harm, freedom from unsafe conditions and freedom from undue restraint"; his "right under the Fourteenth Amendment to freedom from unnecessary institutionalization"; and his right "under the Fourteenth Amendment to minimally adequate treatment and training in an appropriate setting, as determined by professional judgment." Defendants argue that they are entitled to judgment on plaintiff's claims to the extent that they allege defendants have violated the fourteenth amendment by retaining plaintiff in a institutional facility rather than in a community-based facility. Defendants also argue that they are entitled to judgment on plaintiff's third claim to the extent that it alleges defendants have violated the fourteenth amendment by denying him treatment beyond minimally adequate or reasonable training to ensure safety and freedom from undue restraint.

### Right to Freedom From Institutionalization

Defendants contend that plaintiff has no constitutional liberty interest in being placed in a community facility. They then argue that even if a liberty interest exists, plaintiff may be permissibly retained in an institutional setting unless retaining him at an institution constitutes a substantial departure from accepted professional standards. They submit in support of their motion affidavits in which two clinical psychologists who are familiar with plaintiff's situation opine that providing habilitative services to plaintiff at the Georgia Retardation Center instead of in a community residential placement meets professionally accepted minimum standards for the provision of habilitative services. Defendants argue on this basis that summary judgment is appropriate on the unnecessary institutionalization claim, as it is undisputed that "[e]xperts in the field of mental retardation have opined that providing habilitative services to [plaintiff] at Georgia Retardation Center, rather than at a community-based facility, substantially meets

professionally accepted minimum standards for the provision of habilitative services."

■■■ State mental health patients have the right under the due process clause to have all major choices concerning their treatment made in accordance with the judgment of qualified professionals who are acting within professionally accepted minimum standards. *Society for Good Will to Retarded Children v. Cuomo,* 737 F.2d 1239, 1248–49 (2nd Cir.1984); *S.H. v. Edwards,* 860 F.2d 1045, 1051–52 (11th Cir. 1988). Although due process requires that treatment choices be made in a manner which does not substantially deviate from professionally accepted standards, it does not require that the "best" treatment alternative be provided. The relevant question is whether the treatment choice made by state actors was one which was within the scope of professional acceptability. The court is not free to require the state to provide a certain type of treatment simply because all experts testifying agree that a certain form of treatment would be best. *Society for Good Will to Retarded Children v. Cuomo,* 737 F.2d at 1247–49; *S.H. v. Edwards,* 860 F.2d at 1051–52. Thus, a state's treatment decisions concerning a patient comport with due process standards if they are done in accordance with the judgment of a qualified professional and if the decisions are not such a substantial departure from accepted professional judgment, practice, or standards as would demonstrate that they were not in actuality based upon a professional judgment. *See Society for Good Will to Retarded Children v. Cuomo,* 737 F.2d 1239, 1248–49 (2nd Cir. 1984); *Cf. Youngberg v. Romeo,* 457 U.S. 307, 316–24, 102 S.Ct. 2452, 2458–63, 73 L.Ed.2d 28 (1982).

■ As this court held in *S.H. v. Edwards,* No. C81–877A (April 10, 1987), *aff'd,* 860 F.2d 1045, 1051–52 (11th Cir. 1988), the federal constitution does not bestow any "right" to receive state-provided mental health treatment in a community setting rather than in an institutional one. In other words, "mere residence in an institution or school for the mentally retarded, without more, does not violate due process." *Society for Good Will to Retarded Children v. Cuomo,* 737 F.2d 1239, 1247

(2nd Cir.1984). The materials which are currently before the court therefore indicate that no genuine issue of material fact exists concerning plaintiff's claim that defendants unnecessarily retained plaintiff in an institutional facility rather than in a community-based facility. The affidavits submitted by the defendants demonstrate that the defendants' decision to treat plaintiff in an institutional setting does not substantially deviate from professionally accepted standards. Thus, defendants' motion for summary judgment concerning plaintiff's claim of unnecessary institutionalization should be GRANTED.

*Right to Training*

Defendants also argue that the fourteenth amendment does not require that they provide plaintiff with any training beyond that which is minimally adequate or reasonable to ensure plaintiff's safety and freedom from undue restraint. They urge the court to adopt the position taken by Chief Justice Burger's concurring opinion in *Youngberg,* 457 U.S. at 329–31, 102 S.Ct. at 2465–66.

The majority opinion in *Youngberg* held that when a state commits one of its residents to a mental institution it has the duty to provide that person "with such training as an appropriate professional would consider reasonable to ensure his safety and to facilitate his ability to function free from bodily restraints." *Id.,* 457 U.S. at 324, 102 S.Ct. at 2462. The court specifically left unresolved the question of whether the state has any duty to provide more extensive training—training unrelated to facilitating the patient's safety or freedom from bodily restraints. *Id.,* 457 U.S. at 316–19, 102 S.Ct. at 2458–60. The court's opinion did, however, offer some guidance for courts to use when considering whether further training was constitutionally required:

A court properly may start with the generalization that there is a right to minimally adequate training. The basic requirement of adequacy, in terms more familiar to courts, may be stated as that training which is reasonable in light of identifiable liberty interests and the circumstances of the case.

*Id.,* 457 U.S. at 319 n. 25; 102 S.Ct. 2460 n. 25.

A concurring opinion authored by Justice Blackmun, and joined by two other Justices, opined that "it would be consistent with the Court's reasoning today to include within the 'minimally adequate training required by the Constitution' ... such training as is reasonably necessary to prevent a person's pre-existing self-care skills from *deteriorating* because of his commitment." *Id.,* 457 U.S. at 327–29, 102 S.Ct. at 2464–65. Justice Blackmun stated that it would be appropriate "to defer to the judgment of professionals as to whether or not, and to what extent, institutional training would preserve [the patient's] pre-existing skills." *Id.* He concluded:

> If expert testimony reveals that [the patient] was so retarded when he entered the institution that he had no basic self-care skills to preserve, or that institutional training would not have preserved whatever skills he did have, then I would agree that he suffered no additional loss of liberty even if [the state] failed to provide him training. But if the testimony establishes that [the patient] possessed certain basic self-care skills when he entered the institution, and was sufficiently educable that he could have maintained those skills with a certain degree of training, then I would be prepared to listen seriously to an argument that [the state was] constitutionally required to provide that training, even if [the patient's] safety and mobility were not imminently threatened by their failure to do so.

Chief Justice Burger concurred in the judgment only. He stated that although he agreed with much of the court's opinion, he would hold that an institutionalized individual has no constitutional right to training *per se.* The Chief Justice conceded "that some amount of self-care instruction may be necessary to avoid unreasonable infringement of a mentally retarded person's interests in safety and freedom from restraint." He, however, rejected the idea

that the state is required to provide any further training, even that which might come under the heading of "minimally adequate training."

The Second Circuit has accepted the conclusion suggested by Justice Blackmun, holding that, "an individual has a due process right to training sufficient to prevent basic self-care skills from deteriorating." *Society for Good Will to Retarded Children v. Cuomo,* 737 F.2d at 1250. The court cautioned that institutionalized individuals do not have a right to receive training which will give them better self-care skills than those they possessed when they entered the institution nor do they have a right to receive training in skills that are not basic to self-care. It found, however, that:

> Just as prison officials cannot deprive inmates of a humane and decent existence, so [institutional] officials, who presumably know what skills each [institutional] resident has and whether he or she is in constant danger of losing them, cannot deprive the mentally retarded residents of their liberty interest in a humane and decent existence. We conclude that such deprivation exists when institution officials fail to exercise professional judgment in devising programs that seek to allow patients to live as humanely and decently as when they entered the school....

*Id.*

██ It appears to the court that the Second Circuit's holding in *Cuomo* most accurately adapts the Supreme Court's reasoning in *Youngberg* to the issue at bar.[1] *Youngberg* instructs that institutionalized persons have a right to minimally adequate training and such training consists of training which is reasonable in light of identifiable liberty interests and the circumstances of the case. The plaintiff has an identifiable liberty interest in maintaining the level of basic self-care skills which he possessed when he entered state custody. He therefore has the right to receive both minimally adequate training to ensure his safety and

---

1. The court declines to adopt the conclusions in Chief Justice Burger's concurrence, as these conclusions were apparently rejected by the majority of the court. The majority opinion stated that institutionalized persons have a right to "minimally adequate training." The Chief Justice disagreed.

freedom from undue restraint and such training as appropriate professionals may reasonably devise to maintain such basic self-care skills as he possessed at the time of his commitment. Decisions made by appropriate state professionals concerning plaintiff's training are entitled to the same deference as professional decisions concerning other treatment issues would be.

Plaintiff's complaint does not allege that he is entitled to receive any training other than "minimally adequate treatment and training in an appropriate setting, as determined by professional judgment." Genuine issues of material fact remain concerning whether plaintiff has received the training to which he is constitutionally entitled. Summary judgment is therefore not appropriate on plaintiff's claim of inadequate training.

It is hereby ORDERED that defendants' motion for partial summary judgment is GRANTED with regard to plaintiff's claim that he was unnecessarily retained in an institutional facility rather than in a community-based facility; defendants' motion for partial summary judgment is DENIED with regard to plaintiff's claim of inadequate training.

SO ORDERED.