G. Stewart McHENRY, and Went For It, Inc., a Florida Corporation, Plaintiffs,

v.

THE FLORIDA BAR and Susan V. Bloemendaal, in her official capacity as Assistant Staff Counsel of The Florida Bar, Defendants.

No. 92–370–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Dec. 14, 1992.

hear this motion pursuant to 28 U.S.C. § 636(b)(1), and Rule 72 of the Federal Rules of Civil Procedure.

After considering all documents of record and the arguments of counsel at the April 27, 1992, hearing and being otherwise fully advised on the premises, Judge Wilson recommended that Plaintiffs' Motion For Summary Judgment be denied and that Defendants' Motion For Summary Judgment be granted. Judge Wilson found that as a matter of law, Florida Bar Rule 4–7.4(b)(1)a, which imposes a thirty-day ban on personal injury and wrongful death targeted direct mail lawyer advertising, and Rule 4–7.8, which effectively imposes the same ban on lawyer referral services in Florida, do not violate the First, Fifth, or Fourteenth Amendments of the United States Constitution.

■ This Court has reviewed the findings of fact set out in the Report and Recommendation. With respect to these dispositive motions, this Court must make a *de novo* determination in accordance with the rules; after review of the specific written objections by the litigants. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed.R.Civ.P.; *United Steelworkers of Am., AFL–CIO v. New Jersey Zinc Co., Inc.,* 828 F.2d 1001, 1005 (3d Cir.1987); *Hanntz v. Shiley, Inc., a Div. of Pfizer, Inc.,* 766 F.Supp. 258 (D.N.J.1991).

Bruce S. Rogow, Bruce S. Rogow, P.A., Beverly A. Pohl, Law Office of Beveral A. Pohl, Ft. Lauderdale, FL, for plaintiffs.

Lorence Jon Bielby, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Tallahassee, FL, for defendants.

## ORDER ON REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

This cause came to be heard before the Honorable Charles R. Wilson, United States Magistrate Judge, upon Plaintiffs' Motion For Summary Judgment and Defendants' Cross–Motion For Summary Judgment. Judge Wilson had the authority to

*Factual and Procedural Background*

This case focuses on the amendments to Florida Bar rules regulating lawyer advertising, which became effective April 1, 1991. Rule 4–7.4 prohibits direct mail advertising of legal services relating to actions for personal injury or wrongful death until more than thirty days have elapsed from the accident or disaster mentioned in the written communication. The consequence of Rule 4–7.4 is imputed to lawyer referral services through Rule 4–7.8.

This cause of action was originally brought by both G. Stewart McHenry[1] and

1. Plaintiff, G. Stewart McHenry, as a member of the Florida Bar had sent direct mail advertisements for legal services to personal injury victims in the past. He wanted to continue direct mail solicitation to personal injury victims, after the Florida Bar passed the disputed rules.

Went For It, Inc. On October 24, 1992, G. Stewart McHenry was disbarred by the Florida Supreme Court which caused his cause of action against the Defendants to become moot. However, this does not moot the entire case. There remains a case and controversy between the corporate Plaintiff, Went For It, Inc., and Defendants. Plaintiff, Went For It, Inc., desires to conduct business in the State of Florida as a lawyer referral service, utilizing direct mail advertising targeted at personal injury victims and their families.

Plaintiff originally filed a motion for a preliminary injunction requesting that the Court enjoin Defendants from enforcing the challenged rules. However, after counsel conferred, Plaintiff withdrew its motion for preliminary injunction, and both parties filed cross motions for summary judgment.

### Standard of Review

■ Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). " '[A]ll doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment.' " *Hayden v. First Nat'l Bank of Mount Pleasant, Texas*, 595 F.2d 994 (5th Cir.1979)[2], quoting *Gross v. Southern R.R. Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The parties in the case at bar have stipulated that there are no genuine issues of material fact in this case. Upon review of the record the Court agrees that summary judgment is appropriate.

### ISSUE

Whether, as a matter of law, the Florida Bar's thirty-day ban, on personal injury and wrongful death targeted direct mail lawyer advertising, violates the First,

Fifth, and Fourteenth Amendments to the United States Constitution.

### DISCUSSION

■ Justice Stevens' opinion in *Peel v. Attorney Registration and Disciplinary Commission of Illinois*, 496 U.S. 91, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990), reaffirmed the court's resolve to provide First Amendment protection to attorney targeted mail advertising, stating:

Whether the inherent character of a statement places it beyond the protection of the First Amendment is a question of law over which Members of this court should exercise de novo review. (citation omitted). That the judgment below is by a State Supreme Court exercising review over the actions of its State Bar Commission does not insulate it from our review for constitutional infirmity. (citation omitted). The Commission's authority is necessarily constrained by the First Amendment to the Federal Constitution, and specifically by the principle that disclosure of truthful, relevant information is more likely to make a positive contribution to decisionmaking [sic] than is concealment of such information. (citation omitted).

*Id.* at 108, 110 S.Ct. at 2292. Furthermore, the court noted that, "A principal reason why consumers do not consult lawyers is because they do not know how to find a lawyer able to assist them with their particular problems. [Federal Trade Commission, Staff Report on Improving Consumer Access to Legal Services: The Case for Removing Restrictions of Truthful Advertising (1984)]." *Id.* at 110, 110 S.Ct. at 2293.

A. Substantial Government Interest Test

Defendants justify the thirty day ban on targeted mail advertising by citing to comments on Rule 4–7.4, as follows:

There is a potential for abuse inherent in direct solicitation by a lawyer of prospective clients known to need legal services.

---

2. The Eleventh Circuit adopted as precedent all case law of the Fifth Circuit prior to September 30, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir.1981) (en banc).

It subjects the lay person to the private importuning of a trained advocate, in a *direct interpersonal encounter.* A prospective client often feels overwhelmed by the situation giving rise to the need for legal services and may have an impaired capacity for reason, judgment, and protective self-interest. Furthermore, the lawyer seeking the retainer is faced with a conflict stemming from the lawyer's own interest, which may color the advice and representation offered the vulnerable prospect.

The situation is therefore fraught with the possibility of undue influence, intimidation, and overreaching. This potential for abuse inherent in direct solicitation of prospective clients justifies the thirty-day restriction, particularly since lawyer advertising permitted under rule 4–7.2 offers an alternative means of communicating necessary information to those who may be in need of legal services.

This restriction is reasonably required by the sensitized state of the potential clients, who may be either injured or grieving the loss of a family member, and the abuses which experience has shown exist in this type of solicitation. (emphasis added).

*The Florida Bar: Petition to Amend Rules Regulating The Florida Bar Advertising Issues,* 571 So.2d 451, 468 (Fla.1990).

■ The Court in *Shapero v. Kentucky Bar Ass'n,* 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988), established that truthful straightforward direct mail lawyer advertising is constitutionally protected commercial speech and that the state must have a substantial interest that is directly advanced by any infringement of that commercial speech. The substantial interests which Defendants allege were dealt with in *Shapero.* Defendants', and the Florida Supreme Court's, use of the words "direct interpersonal encounter" to describe tar-

geted mail advertising by lawyers is a strained interpretation. Justice Brennan made it clear that a letter, unlike a "badgering advocate," can be avoided merely by placing it in a drawer to be considered later, ignored or discarded. *Id.* at 476–77, 108 S.Ct. at 1923-24. The concern for potential clients feeling overwhelmed was considered by that court:

The relevant inquiry is not whether there exist potential clients whose "condition" makes them susceptible to undue influence, but whether the mode of communication poses a serious danger that lawyers will exploit any such susceptibility.

*Id.* at 474, 108 S.Ct. at 1922. Lastly, concerns of deliberate overreaching by lawyer advertising is precluded by Rule 4–7.4(b)(1)(f) which was not challenged.[3]

The *Shapero* court found that a targeted letter conveys information about legal services in a manner that is more conducive to the reader reflecting and making an informed choice as a consumer. *Id.* at 476, 108 S.Ct. at 1923. Furthermore, the court stated that:

[T]he First Amendment does not permit a ban on certain speech merely because it is more efficient; the State may not constitutionally ban a particular letter on the theory that to mail it only to those whom it would most interest is somehow inherently objectionable.

*Id.* at 473–74, 108 S.Ct. at 1921–22. For these reasons, this Court has determined that the concerns expressed above by Defendants do not justify a prophylactic rule prohibiting targeted direct mail advertising to personal injury and wrongful death victims for thirty days.

Defendants argue that the thirty day period of prohibited targeted advertising does not constitute a ban. They assert that *Peel* gave authority for such a rule, since the proscription is merely a limited regulation. (Defendants' Cross–Motion for

---

**3.** Rule 4–7.4(b)(1)(f) provides in pertinent part:
(b) Written communication.
(1) A lawyer shall not send, or knowingly permit to be sent, on behalf of himself, his firm, his partner, an associate or any other lawyer affiliated with him or his firm, a written communication to a prospective client for the pur-

pose of obtaining professional employment if:
. . .
(f) The lawyer knows or reasonably should know that the physical, emotional, or mental state of the person makes it unlikely that the person would exercise reasonable judgment in employing a lawyer.

Summary Judgment, page 6, citing to *Peel,* 496 U.S. at 110, n. 17, 110 S.Ct. at 2293, n. 17). The footnote which Defendants cite as authority for the thirty day ban was referring to disclosure requirements and screening of advertisements to "ensure that the information is presented in a nonmisleading [sic] manner." *Peel,* at 110–111, 110 S.Ct. at 2293. The fault in Defendants' logic is that waiting thirty days will not affect whether the targeted letter is misleading any more than if the ban were not in effect. Therefore the limitation is not narrowly tailored in a manner that advances the substantial government interest which Defendants assert.

### B. *Time, Place and Manner Restriction*

Defendants further argue that the thirty day ban is a valid time, place, and manner restriction by equating personal injury and wrongful death targeted lawyer advertising to prohibited political and ideological speech. They argued that direct mail advertising "is no less an intrusion on personal privacy and tranquility and no less offensive than the election signs in *Taxpayers for Vincent,*[4] the sound trucks in *Kovacs,*[5] or the picketing in *Frisby.*"[6]

Defendants' strained analogies are not persuasive, primarily because they are all examples where the parties, subjected to such speech, could not "avoid further bombardment of [their] sensibilities simply by averting [their] eyes." *Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 465, n. 25, 98 S.Ct. 1912, 1923 n. 25, 56 L.Ed.2d 444 (1978) [quoting *Cohen v. California,* 403 U.S. 15, 21, 91 S.Ct. 1780, 1786, 29 L.Ed.2d 284 (1971)]. This is not the case with targeted lawyer letters which are clearly marked in red as "advertisement" (*See,* Rule 4–7.4(b)(1)f.(2)a.) and can be discarded by the recipient without any fear of legal recourse or filed away until a consumer desires to read the letter.

■ Furthermore, this is not a valid time, place, and manner restriction because it is the content of the advertisement which is banned for thirty days. In *Simon & Schuster, Inc. v. New York Crime Victims Board,* the court held: "Regulations which permit the Government to discriminate on the basis of the content of the message cannot be tolerated under the First Amendment," — U.S. —, —, 112 S.Ct. 501, 508, 116 L.Ed.2d 476 (1991) [quoting *Regan v. Time Inc.,* 468 U.S. 641, 648–49, 104 S.Ct. 3262, 3266–67, 82 L.Ed.2d 487 (1984)]. Although the case at bar does not receive the heightened protection of political speech, the restrictions placed on direct mail advertising must be narrowly tailored in a manner that advances the substantial government interest of protecting recipients from misleading advertisements. The same family members in a wrongful death case, which the thirty day ban alleges to protect, may be contacted the next day by a probate attorney. Thus, it is the content which Defendants wish to restrict for thirty days, and this cannot be permitted under the auspices of a time, place and manner restriction.

Defendants argue that bar rules "leave open ample alternative channels for communication of the information." [Defendants' Cross Motion for Summary Judgment, page 11; citing to *Clark v. Community for Creative Non–Violence,* 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984)]. However, this Court need not address that issue, because the thirty day ban on targeted lawyer advertising is not content neutral and cannot be upheld as a valid time, place and manner restriction.

### C. *In re Anis*

Defendants next assert that the New Jersey Supreme Court addressed the issue

---

**4.** *Members of City Council of City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984), (prohibiting the posting of election signs on public property).

**5.** *Kovacs v. Cooper,* 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949), (prohibiting the use on public streets of sound trucks emitting loud noises).

**6.** *Frisby v. Schultz,* 487 U.S. 474, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988), (prohibited anti-abortion picketing outside of residence of a doctor accused of performing abortions).

before this court in *In re Anis*, 599 A.2d 1265, 126 N.J. 448 (N.J.1992). That case involved a solicitation letter sent by Mr. Anis to the family of a victim of the disaster on December 21, 1988, involving Pan American Flight 103 over Lockerbie, Scotland. *Id.*, 599 A.2d at 1267. However, this case is distinguishable in that Mr. Anis engaged in false and misleading advertising. He failed to indicate a range of his fees, misrepresented what other lawyers would charge, and misrepresented his professional experience in litigating aircraft accidents. *Id.*, 599 A.2d at 1271–72. Furthermore, he admitted to sending the letter without knowing whether the victim's body had been identified, which is a violation of a New Jersey rule similar to Rule 4–7.4(b)(1)(f). *Id.*, 599 A.2d at 1270. The New Jersey Supreme Court decided "not [to] impose discipline for truthful letters of solicitation sent more than two weeks after such a disaster occurs and [the] loss becomes known." *Id.*, 599 A.2d at 1271. The New Jersey Supreme Court used this as interim guidance pending a hearing process by their bar. *Id.*, 599 A.2d at 1271. The New Jersey Court explained:

> We realize that there may be other cases in which it will be more difficult to draw the line of ethical propriety. Would a truthful solicitation letter sent fifteen or thirty days after a tragic loss reach people when they are no longer emotionally weak or vulnerable? We cannot say with certainty, since our assumptions in such cases are largely untested. It may be that there are degrees of loss or suffering. Common sense tells us that the mildly-injured survivors of an overturned-bus incident might be less vulnerable than the Lockerbie families. Hence, we attempt no permanent brightline [sic] rule in this opinion.

*Id.*, 599 A.2d at 1271. None of the foregoing egregious conduct is present in this case and in contradistinction the Florida Supreme Court enacted such a bright-line. As a result, this Court does not find *In re Anis* to be persuasive authority in upholding the Florida Bar's thirty day ban on target direct mail advertising.

*Conclusion*

The challenged rules substantially impair and impede the availability of truthful and relevant information which can make a positive contribution to consumers in need of such legal services. This Court holds that as a matter of law, the Florida Bar's thirty-day ban on personal injury and wrongful death targeted direct mail lawyer advertising violates the First, Fifth, and Fourteenth Amendments to the United States Constitution. Accordingly, it is

ORDERED that the Report and Recommendation be rejected by this Court; Plaintiff's Motion for Summary Judgment be granted; Defendants' Motion for Summary Judgment be denied; and the Clerk of the Court be directed to enter judgment for Plaintiff in accord with this order.

DONE and ORDERED.