**Charles R. REYHER, Participant, Plaintiff,**

v.

**TRUST ANNUITY PLAN FOR PILOTS OF TRANS WORLD AIRLINES, INC. c/o Trans World Airlines, Inc., Administrator, Defendant.**

**Charles R. REYHER, Participant, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Administrator of the Directed Account Plan, Defendant.**

Nos. 93–396–CIV–T–17, 94–918–CIV–T–17E.

United States District Court, M.D. Florida, Tampa Division.

April 3, 1995.

William D. Mitchell, Mitchell & Bline, P.A., Tampa, FL, for plaintiff.

Sharyn Beth Zuch and Joseph W. Clark, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for defendants.

### *ORDER ON MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's, Charles R. Reyher, motion for summary judgment filed on December 22, 1994, (Docket No. 56) and response thereto, filed on February 10, 1995 (Docket No. 65). The summary judgment motion, in consolidated case No. 94–918–CIV–T–17, filed on October 11, 1994 (Docket Nos. 14–15) and response thereto, filed October 27, 1994 (Docket Nos. 17–19), which is wholly encompassed by the issues raised in the motion in the earlier case.

This action was brought against Trans World Airlines, Inc. ("TWA") in this Court by retired pilot Charles Reyher ("Reyher") who began receiving benefits from retirement plans administered by TWA after his retirement in July of 1982. In May of 1985, Reyher was divorced and the Circuit Court for Collier County entered final judgment regarding Reyher's retirement benefits. Subsequently, Reyher and his former spouse began receiving payments from the retirement plans administered by TWA based upon the Circuit Court's determination of the appropriate division of assets.

In September of 1992, the retirement plan was converted from one in which the benefit accounts were stated in units to a plan in which the benefit accounts were stated in dollars. The methodology used for this conversion was critical because the dollar values were calculated using actuarial assumptions. Based upon concerns for improper payments to his former spouse as a result of these assumptions and failed attempts to withdraw a lump sum of vested benefits, Mr. Reyher instituted this suit.

A motion for summary judgment should only be entered where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Additionally, the United States Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that the plain language of Rule 56(c), Fed.R.Civ.P., mandates summary judgment after; "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial." *Id.* at 322, 106 S.Ct. at 2552. The Supreme Court also held that the non-moving party must go beyond the pleadings, pursuant to Rule 56(e), in establishing whether there are specific facts showing there is a genuine issue for trial. *Id.* at 274, 106 S.Ct. at 2553.

The Plaintiff, Reyher, contends that he is entitled to summary judgment if he can establish four (4) material facts that (1) he is a Participant in TWA's retirement plans, (2) that he has exhausted or was excused from exhausting remedies provided for under a retirement plan, (3) the Defendant's action were erroneous under the applicable standard of review, and (4) Defendant's affirmative defenses are insufficient. However, the Defendant has competent evidence to dispute each of these four (4) issues of fact. Thus, the Plaintiff has failed to carry the burden of identifying evidence that shows an absence of a genuine issue of material fact and his motion for summary judgment should be denied.

The Defendant, TWA, argues that application of TWA's retirement plans hinge upon genuine factual issues that can be properly resolved by a finder of fact. There is an issue of whether the Plaintiff is a participant as defined by the Employee Retirement Income Security Act, ("ERISA") § 3(7), 29 U.S.C. § 1002(7) (1988). In these consolidated cases, the plaintiff has claimed that he is a participant under ERISA and that the Defendant has violated ERISA based upon his alleged status as a participant. However, in previous actions brought by the Plaintiff, he had claimed he was not a participant in TWA's retirement plans as defined by ERISA because he has received a payment. In *Firestone Tires & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 957–58, 103 L.Ed.2d 80 (1989), the Supreme Court looked at ERISA's definition of a participant and concluded that the term participant included employees in, or reasonably expected to be in, currently covered employment, or former employees who have a colorable claim. The determination of the Plaintiff's status as a participant or not ultimately determines whether the Plaintiff has standing and whether a technical violation under ERISA may have occurred. Thus, posturing by the Plaintiff as indicated by the Defendant illustrates this critical issue of material fact is disputed and can not be resolved by summary judgment.

Whether the Plaintiff exhausted retirement plan remedies is also disputed. The Plaintiff indicates there are numerous versions of retirement plans that are potentially applicable from which the administrative remedies which could exist are to be determined. Also, the Plaintiff argues that he should be excused from pursuing applicable administrative remedies because he was denied access to the procedures of the plan as a participant. *See Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir.1990). Although the Plaintiff argues that a particular version of a plan is potentially applicable, a genuine issue of material fact exists as to whether that particular plan is applicable, whether it provides a procedure for pursuing a remedy and whether the Plaintiff was denied meaningful access to plan procedures. Thus, a material issue of fact is disputed as to which version of the retirement plans are applicable that will lead to the determination of whether the Plaintiff exhausted administrative remedies or is properly excused from pursuing them because of futility.

Also, the Plaintiff argues that the retirement Plan Administrator's actions in determining the benefits needed to be held in reserve for the former spouse were erroneous under the applicable standard of review. Moreover, the standard of review applicable to the Plan Administrator's decisions in determining eligibility for benefits and construing the terms of the plan is disputed. These decisions are to be reviewed under a *de novo* standard unless the benefit plan expressly gives the fiduciary or administrator discretionary authority to make the determinations in question. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). However, regardless of the determination of the applicable standard of law, the calculation of benefits needed to be held in reserve for the Plaintiff's ex-wife is a disputed issue of fact that impacts the legal issues. Thus, the analysis of the appropriate standard of review of the Plan Administrator's decision need not be reached and the determinations necessary for the calculation of the benefits necessary to be held in reserve for the ex-wife is a disputed issue of fact, which ever standard applies, that cannot be resolved on summary judgment.

Finally, the Plaintiff argues that Defendant's affirmative defenses are insufficient and, therefore, there are no issues of material fact in dispute to preclude summary judgment. However, the Defendant has plead meritorious defenses that raise relevant and substantial factual questions. Moreover, this Court has already ruled that the Defendant's defenses are legally sufficient in an order dated November 10, 1993, in consolidated case 94–918–CIV–T–17E denying this Plaintiff's motion to strike Defendant's affirmative defenses of res judicata, collateral estoppel and failure to exhaust administrative remedies. In the case at hand, the affirmative defenses plead by the Defendant are similarly legally sufficient. Thus, each of the Plaintiff's material issues remain and have not been disposed of which precludes summary judgment. Accordingly, it is

**ORDERED** that the Plaintiff's motion for summary judgment (Docket No. 56, Case No. 93–396–CIV–T–17 and Docket Nos. 14–15, Case No. 94–918–CIV–T–17) be **denied.**

**DONE and ORDERED.**