**James BENEDICT, Plaintiff,**

v.

**CITY OF SMYRNA, GEORGIA, et al., Defendants.**

Civil Action No. 1:92–cv–2326–HTW.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 13, 1995.

Ted B. Herbert, Office of Ted B. Herbert, Marietta, GA, for James Benedict.

Joseph A. Cochran, D. Michael Williams, Cochran Camp & Snipes, Smyrna, GA, Malcolm J. Hall, Office of Malcolm J. Hall, At-

lanta, GA, for City of Smyrna, Georgia, Larry W. Williams, Max Bacon, John Patrick, Ron Newcomb, Bill Scoggins, Jim Hawkins, Jack Cramer, Pete Wood, Wade Lnenica, Bob Davis, Jack Shinall, Kathy Jordan, Bob Thomson, John E. Davis, Wink Winkenhofer, Donnie Burge, John Patterson.

## ORDER OF COURT

HORACE T. WARD, Senior District Judge.

This matter is pending before this court on defendants' second motion for summary judgment.

## BACKGROUND

In an order filed April 28, 1995, this court granted in part and denied in part defendants' motion for summary judgment.[1] This court noted, however, that the remaining issues were not adequately briefed. In an order filed August 28, 1995, this court allowed the parties to file motions for summary judgment. In that order, this court also directed the parties to clarify the issues that currently remain in this case.

## FACTS

Plaintiff currently is a firefighter in defendant City of Smyrna's ("City") fire department, and has been so employed for 12 years. Defendant Larry Williams is the City's fire chief. On February 3, 1989, he gave plaintiff an oral and written reprimand for wearing an ear stud. Plaintiff approached John Patterson, the then City Administrator, regarding the incident. Subsequently, the City's mayor, Max Bacon, directed Patterson to expunge the reprimand from the City's records. Patterson then ordered defendant Williams to expunge plaintiff's reprimand.[2]

On October 13, 1989, defendant Williams ordered fire department personnel to stop wearing jewelry while on duty, other than a wrist watch and two simple rings. Plaintiff continues to wear an ear stud while on duty. In the past few years, plaintiff has communicated with Bacon, Patterson, and City Administrator John Thomson regarding defendant Williams' dress code and other issues, such as plaintiff's desired promotion.

In 1991, plaintiff sought, and is still seeking, a promotion to the position of lieutenant. The Civil Service Board controls the promotion process for this position, as it did in 1991. At this time, the Civil Service Board was comprised of three (3) members—John Davis, Donnie Byrg, and William P. "Wink" Winkenhoffer. The City's fire chief, though, is allowed to make a recommendation to the Civil Service Board regarding this promotion.

In October 1991, plaintiff was eligible to take the promotion examination for lieutenant. A total of ten (10) firefighters took this examination; three (3) received a passing score, including plaintiff. The Civil Service Board then interviewed these three (3) candidates. In arriving at final scores for the promotion process, the Civil Service Board averaged the oral interview scores with the written examination scores. Howard Betts scored first. In addition, defendant Williams recommended that the Civil Service Board promote Betts (though the uncontroverted evidence is that the Civil Service Board did not consider this recommendation, as the Board already had made its selection). In October 1991, Betts received the promotion to lieutenant.

In fiscal year 1992, three (3) new lieutenant's positions became budgeted and open for promotion. For a variety of reasons, though,

---

1. This court granted defendants' motion for summary judgment as to (1) plaintiff's procedural due process claim, (2) plaintiff's First Amendment claim, (3) any claims by plaintiff against any individual defendant in his or her individual capacity, and (4) any claims against any individual defendant in his or her official capacity, except defendant Williams. Thus, the remaining defendants—referred to collectively herein as "defendants"—are the City of Smyrna and defendant Williams in his official capacity.

2. Subsequently, defendant Williams ordered that the reprimand be removed from plaintiff's personnel files maintained at the Smyrna Fire Department and the Smyrna Human Resources Department. The evidence before this court indicates that Williams did not authorize that a copy of the reprimand be forwarded to the Civil Service Board. In addition, there is no evidence that he had access to, or knew the location of, the Board's files.

there have been no subsequent promotions in the City's fire department. Employees of the City's fire department are governed by the rules and regulations of the City's Civil Service Code. While plaintiff does not have a written contract with the City of Smyrna for a definite term, he may only be discharged pursuant to the City's Code, and the rules and regulations promulgated thereunder.

## DISCUSSION

### A. Summary Judgment Standard

■ Summary judgment is appropriate if the moving party establishes that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law. *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.,* 802 F.2d 1352, 1356 (11th Cir.1986); *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983); Fed.R.Civ.P. 56(c). To determine if the moving party meets its burden of proof, the court must view all evidence and inferences to be drawn from it in a light most favorable to the party opposing the motion. *Carlin Communication,* 802 F.2d at 1356; *Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir. 1983).

The Supreme Court has addressed the burdens of proof which each party must carry on a motion for summary judgment and stated that:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential

element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quotation omitted).

■ The nonmoving party is required to identify specific facts which demonstrate that there is a genuine issue for trial and may not rest on the allegations or denials in its pleadings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, in order to survive a motion for summary judgment, the non-moving party need only present evidence from which a jury might return a verdict in his or her favor. If he or she does so, there is a genuine issue of fact that requires a trial. *Id.* at 257, 106 S.Ct. at 2514.

### B. Defendants' Second Motion For Summary Judgment [3]

#### 1. Section 1983 Equal Protection Claim

■ Defendants contend that they are entitled to summary judgment on plaintiff's 42 U.S.C. § 1983 claim—even assuming *arguendo* that defendant Williams acted wilfully and maliciously.[4] Defendant correctly states that § 1983 is merely a vehicle by which other federal rights are vindicated. *Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Given that this court has granted defendants summary judgment on plaintiff's First Amendment retaliation claim and procedural due process claim, plaintiff may not assert these claims under § 1983.

The only potential § 1983 claim, according to defendants, is an equal protection claim under the Fourteenth Amendment. This court agrees. In connection with this claim, the parties agree that plaintiff must show (1) that he possessed a property or liberty interest protected by the Fifth or Fourteenth

---

**3.** Plaintiff also asks informally that this court reconsider its April 28, 1995 order granting defendants summary judgment on plaintiff's First Amendment claim. Since plaintiff has failed to file a motion for reconsideration (much less a timely one), or provide legal authority for it, this court will not consider this request. Moreover, the case cited by plaintiff in support of its First Amendment claim—*Ratliff v. DeKalb County,*

*Georgia,* 62 F.3d 338 (11th Cir.1995)—does not appear to support this claim.

**4.** In its April 28, 1995 order, the court found that there was an issue of fact as to whether defendant Williams acted in this manner; thus, this court denied him official immunity.

Amendments, and (2) that the State deprived him of such an interest. *American Federation of Government Employees, AFL–CIO v. United States,* 622 F.Supp. 1109, 1111 (N.D.Ga.1984). In the instant case, plaintiff alleges that defendant Williams treated him differently because plaintiff wore an ear stud and because defendant Williams had a personal vendetta against plaintiff. Defendants argue that—even if plaintiff's allegations are assumed true—plaintiff fails to state an equal protection claim.

In support of their position, defendants cite *Huebschen v. Dept. of Health and Social Services,* 716 F.2d 1167 (7th Cir.1983). In that case, the court stated that, in order to bring an action under the equal protection clause, a party "must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Id.* at 1171. The decision-maker must have selected or reaffirmed a particular course of action at least in part "because of"—not merely "in spite of"—its adverse effects on an identifiable group. *Id.* (citing *Personnel Administrator v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979)).

In the case *sub judice,* plaintiff essentially argues that, as a result of defendant Williams' alleged vendetta against plaintiff, defendant Williams has taken various steps to thwart plaintiff's career. As stated above in *Huebschen,* such a claim is not appropriate under the equal protection clause. *See also Ratliff v. DeKalb County, Georgia,* 62 F.3d 338, 341 (11th Cir.1995) (retaliation claim may not be brought under the equal protection clause); *Universal Sec. Ins. Co. v. Koefoed,* 775 F.Supp. 240, 247 (N.D.Ill.1991) (rejecting "personal vendetta" claim under equal protection clause based on the defendant's personal dislike for the plaintiff, as opposed to plaintiff's membership in an identifiable class or group).

Thus, defendants are entitled to summary judgment on plaintiff's § 1983 equal protection claim.

### 2. Breach of Contract Claim

■ Defendants next argue that they are entitled to summary judgment on plaintiff's breach of contract claim. More specifically, defendants contend that plaintiff does not have a contract of employment with the City. Plaintiff has not articulated the grounds for his purported employment contract with the City, other than a confusing reference to the City's Charter and other rules and regulations. Nor has plaintiff—who is still employed by the City as a firefighter—described how this claimed contract was breached when Howard Betts (who had a better overall evaluation score than plaintiff), not plaintiff, was promoted to lieutenant.

In sum, this court agrees with defendants that plaintiff's breach of contract claim lacks merit and that defendants are entitled to summary judgment on this issue.

### 3. State Law Claims

Finally, defendants argue that they are entitled to summary judgment on plaintiff's state law tort claims. Plaintiff has cited a plethora of Georgia statutes in support of these claims. It is not clear, however, what specific torts are alleged.[5] Given the disorganized manner in which these allegations are presented, and the lack of supporting legal authority and evidence in the record, this court agrees with defendants that these claims should be dismissed.

### CONCLUSION

Therefore, after due consideration, this court GRANTS defendants' second motion for summary judgment and DIRECTS the clerk to DISMISS this case.

---

**5.** For example, plaintiff contends that defendants breached the duties to treat him fairly and equally and to uphold the United States and Georgia Constitutions. Plaintiff also alleges that he was slandered and libeled by defendants and that defendants violated his right to privacy. This case essentially is a First Amendment retaliation claim, though, which claim this court dismissed in its April 28, 1995 order. Moreover, as previously stated, this court found that plaintiff's § 1983 equal protection cause of action lacks merit. It appears as though plaintiff is attempting to reargue these Constitutional issues under the guise of his purported state law claims.

SO ORDERED.[6]

6. As a courtesy to the clerk of court, this court notes that this Order terminates entry no. 43 on the docket sheet.