**Melva W. BARTUSH, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

**No. 95–972–CIV–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

March 14, 1996.

T. Michael Doyle and John J. Doyle, Doyle Group Attorneys, Sarasota, FL, for plaintiff.

Guy O. Farmer, II and Amy W. Littrell, Foley & Lardner, Jacksonville, FL, for defendant.

*ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions, responses, and supporting documentation:

1. Defendant's Motion for Summary Judgement, (Docket No. 16) alleging that the mandatory arbitration mechanism established by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (RLA) preempts this Court's jurisdiction.

2. Defendant's Memorandum in Support of Motion for Summary Judgment, (Docket No. 17)

3. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, (Docket No. 24)

*STANDARD OF REVIEW*

A motion for summary judgment should only be entered where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). Furthermore, the

Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held:

> [T]he plain language of Fed.R.Civ.P. 56(c) mandates summary judgment after adequate time for discovery and upon motion against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial.

*Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The Court further held that the non-moving party must go beyond the pleadings, pursuant to Rule 56(e), to establish whether there are specific facts showing that a genuine issue for trial exists. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

### FINDINGS OF FACT AND RELEVANT PROCEDURAL HISTORY

The following facts, as to which the parties agree that there is no genuine issue, are pertinent to the Court's consideration of the motion:

1. Plaintiff is a resident of the City of Bradenton, County of Manatee, State of Florida.

2. Defendant is a Minnesota corporation engaging in business throughout the world and in particular, Hillsborough County, Florida.

3. Plaintiff has been an employee of Defendant since November 13, 1972.

4. Defendant is an employer with an excess of twenty five (25) employees and is an employer, as defined by the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (ADA).

5. Defendant is a covered entity as defined by the ADA.

6. On or about May 17, 1995, Plaintiff commenced this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The action, Case No. 95–3229, was titled *Melva W. Bartush v. Northwest Airlines, Inc.* and raised a claim based upon the ADA.

7. This action arises under the ADA, a law of the United States; therefore, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331.

8. Defendant, on or about June 22, 1995, removed the action to this court pursuant to 28 U.S.C. § 1441(a) and (b).

9. At all times relevant to this action, the jobs to which Plaintiff were assigned were covered by a Collective Bargaining Agreement (CBA) between Defendant and the International Association of Machinist and Aerospace Workers (IAM).

10. The RLA was extended in 1936 to cover the airline industry. Act of Apr. 10, 1936, ch. 166, 49 Stat. 1189; 45 U.S.C. §§ 181–188.

### DISCUSSION and ANALYSIS

██] Defendant's position is that the RLA and its mandatory arbitration mechanism pre-empts this Courts jurisdiction. Defendant argues that Plaintiff's employment rights are governed by a CBA between Defendant and the IAM. Therefore Plaintiff's ADA claims must be handled according to that agreement and arbitrated. Defendant contends that Plaintiff's claims are "Minor Disputes" as defined by the RLA and beyond the province of this Court. In support of this argument Defendant provides that prior to the filling of this complaint, Plaintiff filed grievances with the IAM claiming violations of the CBA based upon the same acts which form the basis of her claims under the ADA.

Defendant's position is incorrect for several reasons. This Court's analysis begins with the intent behind the RLA. The Supreme Court in *Hawaiian Airlines, Inc. v. Norris,* —— U.S. ——, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994) held that "Congress' purpose in passing the RLA was to promote stability in labor–management relations by providing a comprehensive framework for resolving labor disputes." *Norris,* —— U.S. at ——, 114 S.Ct. at 2243. To that end, the RLA divided disputes in to two (2) classes: "Major" disputes and "Minor" disputes. The latter, Minor disputes, is the class at issue. In *Norris,* the Court held that Minor grievances "refers to disagreements over how to give effect to the bargained-for agreement." *Id.* at ——,

114 S.Ct. at 2244. The Court went on to hold that "the RLA's mechanism for resolving [M]inor disputes *does not pre-empt* causes of action to enforce rights that are independent of the CBA." *Id.* at ——, 114 S.Ct. at 2246 (emphasis supplied).

In *Norris*, Respondent, Grant T. Norris, was an airline mechanic who refused to sign a maintenance record certifying that certain repairs had been done to one of Petitioner's planes in a satisfactory manner and that the plane was fit for flight. *Id.* at ——, 114 S.Ct. at 2242. Respondent's supervisor immediately suspended Norris pending a termination hearing. *Id.* at ——, 114 S.Ct. at 2242. Petitioner claimed that by refusing to sign the record, Respondent violated the CBA's provision that an aircraft mechanic "may be required to sign work records in connection with the work he has performed." *Id.* at ——, 114 S.Ct. at 2242. Following the suspension, Respondent immediately reported the unsatisfactory repair to the Federal Aviation Administration (FAA) and began grievance procedures as outlined by the CBA. *Id.* at ——, 114 S.Ct. at 2242. Respondent spent approximately five (5) months pursuing remedies under the CBA grievance procedures before filing suit in Hawaii Circuit Court. *Id.* at ——, 114 S.Ct. at 2242. Respondent's complaint included two (2) wrongful discharge counts, one arising out of violation of public policy expressed in the FAA act and the other arising out of violation of Hawaii's Whistle–Blower Protection Act.

In finding that the RLA did not pre-empt Respondent's, state-law claims, and were not limited to the grievance procedures already underway, the *Norris* Court reaffirmed that "the RLA's mechanism for resolving m'nor disputes does not pre-empt causes of action to enforce rights that are independent of the CBA." *Id.* at ——, 114 S.Ct. at 2246. Therefore, the issue for this Court to decide is whether the rights protected by the ADA are independent of the rights covered by the CBA.

Clearly the rights granted under the ADA are independent of the employment rights granted under the CBA. The plain language of the ADA states that the rights protected by it are rights that have heretofore not been protected. "[U]nlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination." 42 U.S.C. § 12101(a)(4). In addition, the plain language of the ADA states that its purpose is:

[T]o provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; ... to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2)(4).

In addition to the statutory analysis, this Court is also persuaded by the logic of the Eighth Circuit Court of Appeals, which addressed this exact issue in *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108 (8th Cir. 1995). In *Benson*, the Defendant, who is also the Defendant in this case, argued that Plaintiff's ADA claim was pre-empted by the RLA. The Eighth Circuit held that "[t]he ADA 'provides a more extensive and broader ground for relief, specifically oriented towards the elimination of discriminatory employment practices' and thus, is not preempted by the Railway Labor Act." *Id.* at 1115 (quoting *Norman v. Missouri Pac. R.R.*, 414 F.2d 73, 83 (8th cir.1969)).

It is clear to this Court that the rights protected by the ADA are independent of the rights covered by the CBA. Therefore, this Court does have jurisdiction to hear the Plaintiff's claim.

## CONCLUSION

For the reasons set forth above, this Court finds that Defendant's Motion for Summary Judgement cannot be granted as the RLA's mandatory arbitration mechanism does not

382

pre-empt this Courts jurisdiction. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgement (Docket No. 16), be **DENIED**.

**DONE AND ORDERED.**