INSURANCE COMPANY OF NORTH
AMERICA, a Pennsylvania
corporation, Plaintiff,

v.

James F. MORRISON, and Nan
P. Morrison, Defendants.

No. 91–988–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

April 19, 1993.

Elizabeth Lewis Bevington, Holland & Knight, Tampa, FL, for plaintiff.

James Robert Betts, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for defendants.

### ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on a motion for summary judgment filed by Plaintiff on February 16, 1993, pursuant to Rule 56 Fed.R.Civ.P., and in accordance with Rule 3.01, M.D.Fla.Rules. Defendants filed a memorandum in opposition the motion for summary judgment on March 12, 1993.

### FACTS

1. Plaintiff, Insurance Company of North America ("INA"), filed suit against the Defendants, James F. and Nan P. Morrison ("Morrisons"), on August 5, 1991.

2. Defendants filed an answer to Plaintiff's complaint on September 18, 1991.

3. Plaintiff filed an amended complaint on June 19, 1992.

4. Defendant filed a motion to add third parties on September 18, 1992. Plaintiff filed a response to Defendant's motion to join additional parties on October 5, 1992. That motion is denied by separate order this date.

5. Defendants filed an answer to Plaintiff's amended complaint on November 10, 1992.

6. Plaintiff filed this motion for summary judgment on February 16, 1993, and, in response, the Defendants filed an opposing memorandum on March 12, 1993.

### STANDARD OF REVIEW

■ In this circuit, summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, at 996–997 (5th Cir.1979), quoting *Gross v. Southern Railway Co.*, 414 F.2d 292 (5th Cir.1969). A factual dispute is for the trier of fact and precludes summary judgment.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court of the United States held:

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an ele-

ment essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552. The Court also said, "Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.* at 324, 106 S.Ct. at 2553.

### DISCUSSION

■ This is an action to recover alleged damages sustained by Plaintiff, INA, due to alleged defaults by Defendants on a secured recourse note executed on December 1, 1984. INA entered into a financial guarantee bond on February 26, 1985, whereby INA guaranteed payment of the note by Defendant James F. Morrison to LaSalle National Bank ("LaSalle"). In connection with and in consideration of the bond, Defendants James F. and Nan P. Morrison executed on December 11, 1984, an investor bond indemnification and pledge agreement in which the Morrisons promised to indemnify INA from all damages and expenses which INA might sustain as surety on the bond.

The other pertinent parties to this business venture are Realcorp Investors, Ltd. ("Realcorp"), Realcorp's principals, Bramen–Liebowitz Associates ("Bramen–Liebowitz"), and LaSalle. Realcorp was the general partner to the real estate investment which the Morrisons purchased into through a limited partnership, Woodfield Garden Associates ("Woodfield"), of which Bramen–Liebowitz was the primary limited partner. Woodfield assigned the secured recourse note to LaSalle. The alleged default stems from a series of alleged accounting errors and apparent miscommunications by all parties to the investment, resulting from Defendants decision to reduce their investment by one half, shortly after entering into the various agreements.

Prior to receiving notice of demand on their alleged default from INA in August of 1987, the defendants had consistently made payments reflecting their one half reduced interest in the investment. At the time Defendants' investment was altered Defendants were given assurances by Realcorp that the change was acceptable and that there should not be any problems. Defendants also received a copy of their secured recourse note with a handwritten notation reflecting the one half reduction in amounts due. Apparently, neither INA nor LaSalle effectuated a change in their records regarding the Morrisons' account, and as such, LaSalle notified INA that the Morrisons had failed to make full payments on various occasions and demanded reimbursement from INA for those alleged defaults. There is evidence that both INA and LaSalle were notified of the changes in the Morrisons' investment prior to INA's demand upon the Morrisons. There are admissions of accounting problems and departures from procedure. INA asserts that they are under no duty to ensure that the Morrisons' accounts are in order, and that upon notification of deficient payment, it must honor the surety agreement.

After receiving the demand from INA, pursuant to the indemnification agreement, the Morrisons contacted the parties involved in attempt to discover and rectify the problem. From the Fall of 1987, through the Fall of 1988, various communications between the parties involved occurred and the Morrisons were reassured by parties other than INA that matters were being corrected. The last communication between the Defendants and INA, before the second and final demand by INA in the Summer of 1991, occurred in August or September of 1988. This communication was over the phone and concerned a letter from Realcorp to LaSalle, which was copied to both INA and the Morrisons. The Morrisons confirmed INA's receipt of the letter and requested that INA notify them as to whether or not the letter remedies the alleged delinquency. Defendants allege that it was understood that no claim would be pursued. INA claims it made no representation that it would change its records and that the contractual agreements remained in full force and effect in their original form.

Plaintiff claims default, citing a failure to amend the contracts. Defendants deny default, citing their direct efforts to remedy the situation with Plaintiff. This Court finds that in view of the alleged circumstances in this action, there are genuine issues of mate-

rial fact, and as such it cannot justly grant Plaintiff's motion for summary judgment at this time. Accordingly, it is

**ORDERED** that the Plaintiff's motion for summary judgment be **denied.**

**DONE and ORDERED.**