**Sally A. McCORKLE, Plaintiff,**

v.

**LIFE GENERAL SECURITY INSURANCE COMPANY, etc., Defendant.**

**No. 91–1857–CIV–T–17.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 15, 1993.

William Thomas Witt, Bernard F. Walsh, P.A., St. Petersburg, FL, Frank Joseph Currie, Bernard F. Walsh, P.A., Sarasota, FL, for plaintiff.

Anthony G. Woodward, Langford, Hill, Mitchell, Trybus & Whalen, P.A., William D. Mitchell, Mitchell & Bline, P.A., Tampa, FL, for defendant.

## *ORDER ON MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, District Judge.

The cause is before the Court on Defendant's motion for summary judgment, served June 3, 1993.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996-7 (5th Cir.1979), *quoting Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.*, 477 U.S. at 318, 106 S.Ct. at 2549, 91 L.Ed. at 273.

The Court also said, "Rule 56(e) therefore requires that non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

■ The evidence offered by the non-moving party in response to a motion for summary judgment must establish the existence of a genuine issue of material fact by the substantive evidentiary standard of proof that would apply at the trial on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Specifically, as the Supreme Court held in *Anderson*, "[t]he judge's inquiry ... unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Id.* The Court finds that the Plaintiff has not carried its burden in this instance.

## *FACTS:*

Defendant Life General Insurance Company issued a policy of insurance for major medical benefits to Plaintiff, Sally A. McCorkle. The coverage afforded by the insurance policy commenced as of February 1, 1990, and was in effect on June 12, 1990. The policy issued by Defendant contained an exclusion of coverage for pre-existing conditions which were defined within section 15 of the policy as "... any condition for which symptom(s) were evident or for which the Insured Person received medical advice or

treatment during the six (twelve under the Co-op Plan) month period prior to the Insured Person's effective date of medical care coverage for such condition under this group policy." Plaintiff was covered under the Co-op plan.

For the twelve month period prior to the effective date of the policy, Plaintiff was examined and treated by Craig Trigueiro M.D., a non-board certified family practitioner. During a routine office visit on October 23, 1989, Dr. Trigueiro found that Plaintiff had tender breasts that were glandular in nature, or nodular. A bilateral mammogram was done on April 13, 1990, which revealed moderately severe fibrosis and severe density to both breasts. The mammogram revealed no dominant mast. On a later visit, on April 24 1990, Plaintiff complained of a ten year history of increasing right greater than left breast pain. The examination of Plaintiff by Dr. Trigueiro on that date revealed a 1.5 centimeter mast in the right breast. On June 12, 1990, Plaintiff was admitted to L.W. Blake Memorial Hospital for major medical surgery for fibrocystic breast disease.

The medical expenses incurred by Plaintiff pursuant to the surgery performed on June 12, 1990 were submitted for payment under the insurance policy issued by Defendant. Payment of the submitted medical expenses was denied. As a result, on November 19, 1991 Plaintiff brought suit against Defendant Life General Insurance Company. In Plaintiff's Amended Complaint dated August 13, 1992, Plaintiff states that the complaint is based, under ERISA, on the denial of coverage for the medical expenses incurred as a result of the June 12, 1990, surgery. On June 3, 1993, Defendant filed the motion for summary judgment against Plaintiff. Defendant's motion for summary judgment and Plaintiff's response, filed August 17, 1993, both rely on the deposition of Plaintiff's physician, Dr. Triguiero.

*DISCUSSION:*

The Court has considered Defendant's motion for summary judgment, Plaintiff's response thereto, and all supporting documentation. Although the Court must view the evidence in the light most favorable to the non-moving party, the Court is mindful of the standard of proof necessary for Plaintiff to establish the existence of a genuine issue of material fact. As required by the Supreme Court in *Celotex Corp.,* Plaintiff has gone beyond the pleadings and has attempted to establish a factual question through the depositions of her various treating physicians. However, Plaintiff's own evidence indicates symptoms of the subsequently diagnosed fibrocystic breast disease were present during the October 23, 1989 examination by Dr. Trigueiro.

In *Winchester v. Prudential Life Insurance Co. of America,* 975 F.2d 1479, 1488 (10th Cir.1992) a summary judgment order was affirmed due to the non-moving party's failure to prove by a preponderance of the evidence that the insured's condition was not pre-existing. The *Winchester* court's holding was based on the finding that the appellant's own evidence indicated it was more likely than not that the condition was pre-existing. The evidence submitted by Plaintiff in this action presents a similar situation.

The deposition of Dr. Trigueiro, offered by Plaintiff as evidence of the existence of a genuine issue of material fact, indicates that it is more likely than not that Plaintiff's condition, or at least symptoms of the condition, existed prior to the commencement of the insurance policy on February 1, 1990. Specific references within the deposition of Dr. Trigueiro, offered as Plaintiff's Exhibit C, indicate the existence of the illness, or symptoms which are indicative of the illness, on October 23, 1989. Specifically, within Dr. Trigueiro's deposition there is an indication, from Trigueiro's notes on the October 23, 1989, examination, that Plaintiff had tender breasts which were glandular in nature, or nodular. (Plaintiff's Exhibit C, Deposition of Dr. Trigueiro, Page 12, Line 7.) According to Dr. Trigueiro, tender, glandular breasts are almost always fibrocystic. (Exhibit C, Page 33, Lines 15–16) Trigueiro indicates that he suspected Plaintiff had fibrocystic disease on October 23, 1989. (Exhibit C, Page 19, Lines 4–5.) Later, Triguiero also states that he diagnosed fibrocystic breast disease as of October 23, 1989. (Exhibit C, Page 31, Line 24–25 and Page 33, Lines 14–16) In addition, Trigueiro indicates that the

diagnosis of fibrocystic breast disease was the reason for the reduction in the dosage of Plaintiff's hormone medication. (Exhibit C, Page 33, Lines 20–24.)

In response to Defendant's motion for summary judgment, Plaintiff alleges that no diagnosis of fibrocystic breast disease, objective studies, or suspicions of the existence of the disease were undertaken or communicated during the twelve months prior to the effective date of the insurance policy. However, under the plain language of the insurance policy, these actions were not necessary in order for the subsequent treatment of the disease to be excluded under the pre-existing condition clause in section 15. The policy defines a pre-existing condition as "any condition for which symptom(s) were evident" during the applicable time frame prior to the effective date of the policy.

The absence of a recorded diagnosis of the illness prior to the commencement of the policy is not relevant due to the language used in pre-existing exclusion clause in section 15 of Plaintiff's policy with Defendant, Life General. (Plaintiff's and Defendant's Exhibit A) In order for the exclusion to apply, the plain language of the policy indicates that symptoms of the illness must have been evident within the restricted time period prior to the effective date of the policy. Although Trigueiro skirts the issue of a precise diagnosis earlier in the deposition, the information from his notes reviewed during the deposition and Trigueiro's responses set out above clearly indicate that symptoms of the disease were present prior to the commencement of Plaintiff's policy with Defendant.

Courts interpreting similar clauses excluding pre-existing conditions from coverage have consistently held that a diagnosis of the condition prior to the effective date of the policy is not required in order for the exclusion to apply. *See, Kirk v. Provident Life and Accident Insurance Co.,* 942 F.2d 504, 506 (8th Cir.1991) (coverage denied where symptoms were present prior to the effective date of policy but were insufficient to allow an accurate diagnosis at that time); *Fischman v. Blue Cross & Blue Shield of Connecticut, Inc.,* 775 F.Supp. 513, 516 (D.Conn.

1991) (summary judgment granted to insurer on basis of pre-existing condition exclusion since medical advice regarding condition or treatment, or accurate diagnosis, was not required by plain language of exclusion clause); *Cury v. Colonial Life Ins. Co. of America,* 737 F.Supp. 847, 854 (E.D.Pa.1990) (patient's knowledge of actual diagnosis, and definite medical diagnosis of illness not necessary in order for illness to fall within pre-existing condition exclusion).

As indicated by the court in *Fischman v. Blue Cross & Blue Shield of Connecticut, Inc.,* 775 F.Supp. 513, 516 (D.Conn.1991), the rationale for the holdings in these cases is not only the plain language of the policies but is also to prevent fraudulent attempts to receive coverage for known, undisclosed pre-existing conditions. The court in *Fischman* succinctly opined that "... coverage should not turn on whether the physician suspected a number of different ailments or had reached a conclusive diagnosis." *Id.* at 516. The clear reasoning for this is the difficulty that the insurer would face in attempting to determine whether that line is crossed before or after the effective date of coverage. Accordingly, it is

**ORDERED** that Defendant's motion for summary judgment is **granted.** The Clerk is directed to enter a final judgment of dismissal in favor of the Defendant.

**DONE and ORDERED.**