James P. BYRNES, Plaintiff,

v.

HONDA MOTOR CO., LTD., a Japanese corporation, et al., Defendants.

No. 93–8239–CIV–RYSKAMP.

United States District Court,
S.D. Florida.

Feb. 28, 1994.

Wilton L. Strickland, Strickland & Seidule, P.A., Ft. Lauderdale, FL, for plaintiff.

John C. Seipp, Jr. and Daniel J. Kissane, Blackwell & Walker, P.A., Miami, FL, for defendants.

## AMENDED ORDER DENYING SUMMARY JUDGMENT

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Partial Summary Judgment. On February 17, 1994 this Court issued an Order denying the Motion. The Court issues this Amended Order in light of a recently issued opinion of the Eleventh Circuit in *Myrick v. Freuhauf Corp.*, 13 F.3d 1516 (11th Cir.1994). The *Myrick* opinion does not change this Court's original ruling in this matter, but does render inapplicable the extensive analysis by which this Court arrived at that ruling.

## BACKGROUND

This product liability action involves an accident in which Plaintiff, while riding his 1990 Honda motorcycle, was injured when an oncoming, left-turning automobile hit Plaintiff. In part, Plaintiff alleges that had this motorcycle been equipped with better light-ing, the motorcycle would have been more conspicuous, thereby preventing the accident.

This action sounds in two counts, strict liability and negligence. Plaintiff's contention is that his 1990 Honda motorcycle was "in a defective condition that rendered it unreasonably dangerous," partly due to the inadequate lighting system.

Defendants have moved for a partial summary judgment regarding the inadequate lighting (or conspicuity) allegations of the complaint. Defendants contend that the conspicuity claim must fail because (*i*) federal law (specifically, the National Traffic & Motor Vehicle Safety Act, 15 U.S.C. § 1381, the "Safety Act", and the regulations promulgated thereunder regarding lamps, reflective devices and associated equipment, 49 C.F.R. § 571.108, "FMVSS 108") preempts a state law product liability claim that is premised upon the reasonableness of a motor vehicle's lighting system, and/or (*ii*) any alleged lack of conspicuity is an open and obvious condition, thereby relieving Defendants from any liability under theories of strict liability or negligence.

## I. FEDERAL PREEMPTION

Article VI, Clause 2 of the United States Constitution, the Supremacy Clause, mandates that conflicts between state and federal law be resolved in favor of federal rule. The preemption of conflicting state law "in the first instance turn[s] on congressional intent." *Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 111 S.Ct. 2476, 115 L.Ed.2d. 532, 542 (1991). Congressional intent to supersede state law in a given area may be found in three ways: (1) express preemption by statutory language, (2) congressional intent to occupy a given regulatory field to the exclusion of state law, and (3) implicit preemption to the extent that state law actually conflicts with a federal regulatory scheme. See *Taylor v. General Motors Corp.*, 875 F.2d 816, 822 (11th Cir.1989) and cases cited therein.

As for express preemption, after extensive discussion the Eleventh Circuit held in *Taylor* that the Safety Act does not expressly preempt state common law claims against manufacturers. *Taylor* at 823–25. This

holding was reaffirmed in *Myrick*, 13 F.3d at 1521–22, 1527–28. The Eleventh Circuit further held in *Myrick*, primarily based upon the Supreme Court's decision in *Cipollone v. Ligget Group, Inc.*, —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), that where "there is an express preemption provision, which constitutes a reliable indicium of congressional intent, implied pre-emption analysis has no place." *Myrick*, 13 F.3d at 1523–24.

*Myrick* was a consolidated appeal in which similarly injured motorists brought state tort actions against manufacturers of tractors and trailers that were not equipped with anti-lock braking devices. The plaintiffs in those cases alleged that the failure to supply anti-lock brakes was a negligent design which rendered the tractors defective and unsafe. The trial courts granted summary judgment to the manufacturers by finding implied preemption. The Eleventh Circuit panel reversed, holding that because the Safety Act contains an express preemption provision, and that provision does not preempt state tort actions based on design defect, further analysis of implied preemption was inappropriate.

The holdings in *Taylor* and *Myrick* dictate the outcome in this case. Because the express preemption provision of the Safety Act does not preempt Plaintiff's strict liability/negligence claims, further analysis based on implied preemption is unnecessary and inappropriate. Therefore, in accordance with *Taylor* and *Myrick*, Defendants' motion for summary judgment on the issue of federal preemption is DENIED.

## II. *OPEN AND OBVIOUS CONDITION*

▉ Defendants argue, in the alternative, that the lack of conspicuity is an open and obvious danger to reasonable consumers, and therefore not actionable. Under Florida law of products liability, obviousness of a hazard is not an exception to liability on the part of a manufacturer but rather can be a defense by which the manufacturer may show that plaintiff did not exercise reasonable degree of care in connection with proving comparative negligence. *Auburn Machine Works, Co. v. Jones*, 366 So.2d 1167 (Fla.1979). Summary judgment is appropriate where there is no genuine issue of material fact in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202. (1986) ("*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original). The question of whether Plaintiff exercised due care in connection with the issue of comparative negligence involves issues of material facts in dispute. Summary judgment is therefore DENIED on the issue of open and obvious condition.

## CONCLUSION

THE COURT has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the said Motion be, and the same is hereby DENIED.

DONE AND ORDERED.