Thomas **CONTANT,** Plaintiff,

v.

**KAWASAKI MOTORS CORPORATION, U.S.A., INC., a foreign corporation, and Kawasaki Heavy Industries, Ltd., a foreign corporation, Defendants.**

No. 92–1885–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

March 29, 1994.

Paul Nelson, Law Office of Paul Nelson, Tampa, FL, John P. Graves, Jr., John P. Graves, Jr., Chartered, Sarasota, FL, Michael R. Karp, Karp & Karp, P.A., Sarasota, FL, for Thomas Contant.

John C. Seipp, Jr., Miami, FL, for Kawasaki Motors Corp., U.S.A.

Larry Martin Roth, Roth, Edwards & Smith, Orlando, FL, for Kawasaki Heavy Industries, Ltd.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before this Court on Defendant's, Kawasaki Motors Corporation, U.S.A., hereinafter "KMC," Motion for Partial Summary Judgment (Dkt. No. 59) and response thereto, filed by Thomas Contant (Dkt. No. 62). Also before this Court is Defendant's, Kawasaki Heavy Industries Ltd.'s, hereinafter "KHI," Amended Motion for Summary Judgment and Joinder in KMC's Motion for Partial Summary Judgment (Dkt. No. 63) coupled with KMC's Motion for Leave of Court to File Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment (Dkt. No. 64) and response thereto, filed by Thomas Contant (Dkt. 66). The present action is a negligence and product liability suit with a personal injury claim for damages in excess of $50,000.00, exclusive of interest, costs and fees (Dkt. No. 1).

Federal Rule of Civil Procedure 56(c) provides that the trial judge shall grant summary judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), *quoting Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

The Supreme Court also stated that Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553. The substantive evidentiary standard of proof that would apply at the trial on the merits is applied to the nonmoving party in establishing the existence of a genuine issue of material fact in response to a summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 1782–83.

### FACTS:

The following facts are significant in deciding this Motion for Partial Summary Judgment. On April 2, 1987, Plaintiff purchased the 1987 Kawasaki vehicle in issue. On March 7, 1990, Plaintiff was operating the

1987 Kawasaki motorcycle, model ZL1000, in a westerly direction on Ringling Boulevard in Sarasota, Florida, when his vehicle and an automobile collided. As a result of this collision, Plaintiff's left leg was broken. Neither party to this action disputes that the headlight and lighting configuration of the motorcycle were designed and manufactured in complete compliance with Federal Motor Vehicle Safety Standard, hereinafter "FMVSS," 49 C.F.R. § 571.108.

This case was filed in the United States District Court for the Middle District of Florida on, or about, November 13, 1992 (Dkt. No. 1). This is a product liability action with two counts, strict liability and negligence. Plaintiff alleges that his 1987 Kawasaki motorcycle was "unreasonably dangerous and defective" (Dkt. No. 1, p. 6). Plaintiff specifically alleges that KHI:

> Negligently and carelessly designed, manufactured and/or marketed the subject Kawasaki vehicle in a condition that it was unreasonably inconspicuous to other persons using the roads, streets and highways when it knew or in the exercise of reasonable care should have known that collisions would occur with other vehicles as a direct and proximate result of the lack of conspicuity.

(Dkt. No. 1, p. 5)

The Defendant, KMC, filed a Motion for Partial Summary Judgment on January 11, 1994 (Dkt. 59). KMC asserts that the conspicuity claim must fail as a matter of law for two separate and independent reasons. First, federal law preempts a state law product liability claim which is premised upon the reasonableness of a motor vehicle's lighting system or conspicuity. Specifically, the federal law applicable in this case includes that National Traffic & Motor Vehicle Safety Act, hereinafter "Safety Act," 15 U.S.C. § 1381 et seq. and the mandatory regulations promulgated thereunder in the Federal Motor Vehicle Safety Standards, 49 C.F.R. § 571.108, regarding lamps, reflective devices, and associated equipment. Second, KMC asserts that any alleged lack of conspicuity for the subject motorcycle is an open and obvious condition as a matter of law, thereby relieving KMC from any liability under theories of strict liability or negligence.

Plaintiff responded to the Motion for Partial Summary Judgment on January 26, 1994 (Dkt. No. 62). Plaintiff alleges that "the state tort claim for lack of conspicuousness is not an open and obvious defect, nor is it specifically preempted by federal law, nor will permission of such a claim frustrate the Safety Act" (Dkt. 62, p. 8). On February 3, 1994, KHI filed an Amended Motion for Summary Judgment and Joinder in KMC's Motion for Partial Summary Judgment (Dkt. No. 63). On this same day, KMC filed a Motion for Leave of Court to File Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, or in the alternative, Defendant's Request for Oral Argument (Dkt. No. 64). Plaintiff's counsel responded (Dkt. No. 66) to KHI's Amended Motion for Summary Judgment (Dkt. No. 63).

KMC's Motion for Partial Summary Judgment (Dkt. No. 59) and KHI's Amended Motion for Summary Judgment and Joinder in KMC's Motion for Partial Summary Judgment (Dkt. No. 63) regarding the inadequate lighting (or inconspicuity) allegations of the Complaint is the cause presently before this Court.

### DISCUSSION:

This Court supports and agrees with the recent holdings in *Byrnes v. Honda Motor Co.*, No. 93–8239–CIV, 1994 WL 53898 (S.D.Fla. Feb. 17, 1994), hereinafter *"Byrnes I;"* and *Byrnes v. Honda Motor Co.*, No. 93–8239–CIV, 1994 WL 64939 (S.D.Fla. Feb. 28, 1994), hereinafter *"Byrnes II."* In *Byrnes I,* the United States District Court for the Southern District of Florida denied a defendant's partial summary judgment motion. In *Byrnes II,* the court amended the prior denial of summary judgment in light of the recently issued opinion of the Eleventh Circuit in *Myrick v. Freuhauf Corp.,* 13 F.3d 1516 (11th Cir.1994). The *Byrnes II* opinion states that "[t]he *Myrick* opinion does not change this Court's original ruling in this matter, but does render inapplicable the extensive analysis by which this Court arrived

at that ruling." *Byrnes II*, 1994 WL 64939, at *1.

The factual background and claims in the *Byrnes'* cases are extremely similar to the present action. The plaintiff in the *Byrnes'* cases was injured while riding his 1990 Honda motorcycle and alleged, in part, that had his motorcycle been equipped with better lighting, the motorcycle would have been more conspicuous, thereby preventing the accident. *Byrnes II*, 1994 WL 64939, at *1. Furthermore, the defendant, Honda Motor Co., moved for partial summary judgment on the conspicuity claim. The defendant based the partial summary judgment on exactly the same claims as KMC did in the present action. The partial summary judgment motion was denied in *Byrnes I* and the amended order in *Byrnes II* merely shortened the court's analysis required to reach the denial in light of the *Myrick* decision.

■ The court's language in *Byrnes II* succinctly and directly answers the two claims for Partial Summary Judgment presently before this Court:

### I. FEDERAL PREEMPTION

Article VI, Clause 2 of the United States Constitution, the Supremacy Clause, mandates that conflicts between state and federal law be resolved in favor of federal rule. The preemption of conflicting state law "in the first instance turn(s) on congressional intent." *Wisconsin Public Intervenor v. Mortier*, [501] U.S. [597] [——], 111 S.Ct. 2476, [2481], 115 L.Ed.2d 532, 542 (1991). Congressional intent to supersede state law in a given area may be found in three ways: (1) express preemption by statutory language, (2) congressional intent to occupy a given regulatory field to the exclusion of state law, and (3) implicit preemption to the extent that state law actually conflicts with a federal regulatory scheme. *See Taylor v. General Motors Corp.*, 875 F.2d 816, 822 (11th Cir. 1989).

As for express preemption, after extensive discussion the Eleventh Circuit held in *Taylor* that the Safety Act does not expressly preempt state common law claims against manufacturers. *Taylor* at 823–25. This holding was further reaffirmed in *Myrick*, 13 F.2d at 1521–22, 1527–28. The Eleventh Circuit further held in *Myrick*, primarily based upon the Supreme Court's decision in *Cipollone v. Ligget Group, Inc.*, [——] U.S. [——], 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), that where "there is an express preemption provision, which constitutes a reliable indicium of congressional intent, implied pre-emption analysis has no place." *Myrick*, 13 F.3d at 1523–24.

*Myrick* was a consolidated appeal in which similarly injured motorists brought state tort actions against manufacturers of tractors and trailers that were not equipped with anti-lock braking devices. The plaintiffs in those cases alleged that the failure to supply anti-lock brakes was a negligent design which rendered the tractors defective and unsafe. The trial courts granted summary judgment to the manufacturers by finding implied preemption. The Eleventh Circuit panel reversed, holding that because the Safety Act contains an express preemption provision, and that provision does not preempt state tort actions based on design defect, further analysis of implied preemption was inappropriate.

The holding in *Taylor* and *Myrick* dictate the outcome in this case. Because the express preemption provision of the Safety Act does not preempt Plaintiff's strict liability/negligence claims, further analysis based on implied preemption is unnecessary and inappropriate. Therefore, an accordance with *Taylor* and *Myrick*, Defendant's motion for summary judgment on the issue of federal preemption is DENIED.

### II. OPEN AND OBVIOUS CONDITION

Defendants argue, in the alternative, that the lack of conspicuity is an open and obvious danger to reasonable consumers, and therefore not actionable. Under Florida law of products liability, obviousness of a hazard is not an exception to liability on the part of a manufacturer but rather can be a defense by which the manufacturer may show that plaintiff did not exercise reasonable degree of care in connection with proving comparative negligence. *Au-*

*burn Machine Works, Co. v. Jones,* 366 So.2d 1167 (Fla.1979).

Summary judgment is appropriate where there is no genuine issue of material fact in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") The question of whether Plaintiff exercised due care in connection with the issue of comparative negligence involves issues of material fact in dispute. Summary judgment is therefore DENIED on the issue of open and obvious condition.

*Byrnes,* 1994 WL 64939, at *1–2.

Following the United States District Court for the Southern District of Florida's reasoning in *Byrnes I* and *Byrnes II* coupled with the virtually the same fact pattern and the identical claims in the partial summary motions, this Court **denies** the present Motion for Partial Summary Judgment. Accordingly, it is

**ORDERED** that the Motion for Partial Summary Judgment be **denied.**

**DONE AND ORDERED.**