**CONTINENTAL CASUALTY COMPANY, an Illinois corporation, Plaintiff,**

v.

**ZHA, INCORPORATED, formerly known as Zipperly, Hardage & Associates, Inc., a Florida corporation, Defendant.**

No. 93–1150–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 6, 1995.

Douglas P. Lawless, Tayor, Lawless & Singer, P.A., Sarasota, FL, Herbert Ronald Kanning, Law Office of Herbert R. Kanning, Jacksonville, FL, Terrence M.R. Zic, Thomas S. Schaufelberger, Wright, Robinson, McCammon, Osthimer & Tatum, Washington, DC, for Continental Cas. Co.

John A. Reed, Jr., Wendy L. Spitler, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, for ZHA, Inc.

Louis Schulman, Butler, Burnette & Pappas, Tampa, FL, Martha S. Hollingsworth, Tammy J. Meyer, Bingham, Summers, Welsh & Spilman, Indianapolis, IN, for American States Ins.

### ORDER ON DEFENDANT'S RENEWED DISPOSITIVE MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court in a Renewed Dispositive Motion for Summary Judgment filed by Defendant ZHA, Inc. (hereafter "ZHA" pursuant to Rule 56, Federal Rules of Civil Procedure (Dkt. No. 58). By its motion, ZHA seeks a ruling on two issues which this Court left open at the time of the July 18, 1994, ruling on the parties' cross-motions for summary judgment.

### STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7

(5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)

> In our view the plain language of 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322 [106 S.Ct. at 2552].

The Court also says, "Rule 56(e) therefore requires that nonmoving party go beyond the pleadings and by her own affidavits or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific acts showing there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

### *FACTS AND PROCEDURAL HISTORY*

The allegations of two underlying state-court lawsuits (*Oxendine* and *Casey*) form the framework for this coverage dispute. The lawsuits are nearly identical and they will hereinafter be referred to collectively as the "underlying action."

The underlying action provides that the City of St. Petersburg sought to build a multipurpose stadium complex at a location within the city and hired Huber, Hunt, and Nichols, Inc. (hereafter "HHN") as general contractor for construction. HHN in turn hired a subcontractor to undertake the initial site preparation and earth work at the stadium site. ZHA was hired and acted as an "Owner's Representative" for the City of St. Petersburg in connection with the construction of a municipally owned stadium known as the "Thunderdome" in St. Petersburg, Florida.

The plaintiffs in the underlying action, not the plaintiff in this action, allege that while working on site preparation and earth work for the "Thunderdome" (hereafter "stadium site") they were exposed to and came into direct contact with contaminated soils and underground storage vats, pipes and appurtenances. The operation of heavy earth moving equipment allegedly caused the underground storage vats, pipes and appurtenances to rupture and discharge hazardous substances directly into and nearby the plaintiffs. As a result, the plaintiffs claim they suffered injury.

The plaintiffs in the underlying action seek relief from ZHA based upon ZHA's failure, as the City's agent or representative, to warn the plaintiffs of or protect them from hazardous conditions that existed at the stadium site. The plaintiffs assert that ZHA breached its duty of care.

ZHA has an insurance policy with Continental Casualty Company (hereafter "Continental") through which it claims Continental has a duty to provide a defense to the underlying action. Continental filed an action for declaratory judgment with respect to its duties to ZHA under the insurance policy.

In the Amended Complaint for Declaratory Judgment, Continental claimed that coverage did not exist under the policy by virtue of Endorsement No. 6, the "Pollution Exclusion." ZHA filed a counterclaim seeking a determination that the Pollution Exclusion does not exclude coverage of the liability asserted against ZHA in the underlying actions. Cross-motions for summary judgment were filed and denied on July 18, 1994. This Court denied both motions but held that the facts as presented did not warrant an exclusion under the policy pursuant to the Pollution Exclusion provision in Endorsement No. 6.

By its motion, ZHA seeks a ruling on two issues which were left open at the time of the July 18, 1994, ruling on the parties cross-motions for summary judgment. First, ZHA seeks summary judgment on Continental's defense that ZHA was not providing "professional services" as defined in the policy. Second, ZHA seeks summary judgment on Continental's defense that coverage is barred due to ZHA's knowledge, at the time the policy was renewed on November 5, 1990, that there were facts and circumstances regarding the stadium site from which ZHA could have expected that a claim would result.

## DISCUSSION

Continental presents no opposition to the issue of whether ZHA provided "professional services." Thus, ZHA's motion is granted in as much as ZHA's duties and responsibilities as the "owner's representative" are deemed to fall within the scope of the term "professional services" as defined in the policy.

The second issue must be determined with reference to the express language of the Prior Acts Clause in Endorsement No. 4 of the insurance policy. That Endorsement states in pertinent part

> This insurance will not apply to a **wrongful act** or circumstance arising out of **professional services:**
>
> a. from which **you** could expect that a **claim** would result.

The Court makes no final determination of whether this provision must be interpreted by an objective rather than a subjective standard. Due to the emphasis placed on the "you" however, the Court would, at first reading, be inclined toward a subjective standard. Continental's opposition to the motion presents some argument that would bring this interpretation into question. At best, this provision appears ambiguous as to whether it creates an objective or subjective standard of interpretation. As stated in the Court's July 18, 1994, "Order on Plaintiff's Motion", where the terms of a policy are reasonably susceptible to more than one construction, the court should adopt the construction which will sustain coverage for the insured. *United States v. Pepper's Steel and Alloys, Inc.*, 823 F.Supp. 1574, 1581 (S.D.Fla. 1993).

Regardless of the standard, Continental's opposition to the second issue does present a sufficient factual basis to preclude the granting of summary judgment for ZHA on this point. The series of reports, memoranda and correspondence that date from January 19, 1987, to November 1, 1990, demonstrates to the Court that there are remaining material issues of fact. ZHA's presentation of deposition testimony is not enough to convince the Court of the absence of any material fact.

Viewed in the light most favorable to the nonmoving party, the documents presented by Continental in its opposition may lessen the evidentiary weight accorded by the trier of fact to the testimony of the deponents. This could conceivably call into question whether ZHA actually did expect that a claim would result. Accordingly, it is

**ORDERED,** that Defendant's Renewed Dispositive Motion for Summary Judgment be **DENIED.**

**DONE AND ORDERED.**