**Roy B. ANTHONY, Plaintiff,**

v.

**The SCHOOL BOARD OF HILLSBOROUGH COUNTY, Defendant.**

**No. 8:98CV2327–T–17F.**

United States District Court,
M.D. Florida,
Tampa Division.

March 31, 2000.

Ronald W. Fraley, Fraley & Fraley, P.A., Tampa, FL, for Roy B. Anthony, plaintiff.

Thomas M. Gonzalez, Kelly L. Soud, Donald Collins Barbee, Jr., Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for Hillsborough County School Board, defendant.

## *ORDER*

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment

(Dkt.14, 31), Plaintiff's Response and Motion for Partial Summary Judgment (Dkt.33), and Defendant's Response (Dkt.38), along with supporting materials.

### FACTS

Plaintiff brings a charge of discrimination based on the fact that in April of '96, Plaintiff applied for a Technology Education full time position for the '96–'97 school year at Young Junior High School. Plaintiff states he was denied an interview and the position based on his race.

Plaintiff began his teaching career with Defendant in the 1960's. (Dkt. 15, Anthony Deposition at 7). His career as a teacher with Defendant was put on hiatus throughout the 70's and 80's. Plaintiff resumed his teaching career as a substitute teacher in the '90's and was sent to Young Middle School on April 20, 1996. (Dkt. 15, Anthony Deposition at 10). The position Plaintiff took as a substitute was that of a technology education[1] instructor at Young Middle School. (Dkt. 15, Anthony Dep. at 13–14). Plaintiff, who is white, was substituting for a technology education instructor, who is black, who retired after 30 years as a teacher. (Dkt. 36, Fisher Deposition at 11).

Plaintiff finished out the '95–'96 school year at Young. While at Young, Plaintiff applied for the full time position for which he was currently substituting. That full time position was to be for the '96–'97 school year at Young. (Dkt. 15, Anthony Deposition at 19). Plaintiff was never interviewed for that position. (Dkt. 36, Fisher Deposition at 53). In fact, Defendant did not hire anyone for the technology education position at Young for the '96–'97 school year. (Dkt. 15, Anthony Deposition at 21).

Plaintiff did not work for Defendant in any capacity for the '96–'97 school year.

For the '97–'98 school year, Plaintiff was hired as technology education instructor by Defendant at Chamberlain High School. Plaintiff also worked as a technology education instructor for Defendant in the '98–'99 school year at King High School. (Dkt. 15, Anthony Deposition at 33).

For the '97–'98 school year, Defendant turned Young Middle School into a magnet school. In the process of turning Young into a magnet school, all of the teachers were released. Those teachers then had to apply to be a teacher at the new magnet school. Plaintiff was not one of the applicants for the technology education position at the new Young Magnet School. (Dkt. 15, Anthony Deposition at 33). Defendant then proceeded to hire Nichelle Glen, a black teacher who applied for the job at Young for the '97–'98 school year. (Dkt. 15, Anthony Deposition at 31–32).

### STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that parties case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue of material fact since a complete failure of proof concerning an essential element of the non-moving parties case necessarily renders all other facts immaterial. The moving party is

---

1. A technology education instructor is the formal name for a "shop class" instructor.

entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *Celotex v. Catrett,* 477 U.S. 317, 323–324 [106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265] (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. That burden can be discharged by "showing ... that there is an absence of evidence to support the non-moving parties case." Celotex, 477 U.S. at 323, 325, 106 S.Ct. 2548.

Issues of fact are genuine "only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202. Material facts are those which will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505.

In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980).

If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exists genuine issue of material fact. *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## DISCUSSION

By applying the McDonnell Douglas/Burdine test for Title VII disparate treatment cases, the Court will address Defendant's Motion for Summary Judgment and Plaintiff's two requests for Partial Summary Judgment: 1) that Defendant's articulated reason for not hiring Plaintiff is pretextual; and 2) that Plaintiff was more qualified then Nichelle Glen for the technical education position). In Title VII cases of disparate treatment, the Court uses the McDonnell Douglas/Burdine three step shifting analysis. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In the first step, the plaintiff must establish a prima facie case of discrimination. If the plaintiff is successful at establishing a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the defendant's actions. If the defendant is then successful, the burden then shifts back to the plaintiff to show the reason given by the defendant is a pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 801, 93 S.Ct. 1817.

■ Since Plaintiff has not produced direct evidence that Defendant had an illegal reason for not hiring him at the Young Middle School position, Plaintiff must rely on the McDonnell Douglas/Burdine test. In establishing a prima facie case of title VII discrimination, Plaintiff must satisfy four elements: 1) Plaintiff is a member of a protected class; 2) Plaintiff was qualified for the job applied for; 3) Plaintiff was rejected despite his qualifications, and 4) the position went to an equally or less qualified person who was not a member of the Plaintiff's class. *Arrington v. Cobb County,* 139 F.3d 865, 873 (11th Cir.1998), quoting *McDonnell,* 411 U.S. at 802, 93 S.Ct. 1817.

The parties agree that Plaintiff is a member of a protected class because he is

white. This satisfies the first element of the Court's analysis.

As to the second element, Plaintiff offers his academic and professional experience as evidence to show he was qualified for the position of technical education instructor. Plaintiff's education and experience do indicate qualification for this position. Additionally, Defendant assumes in its motion that Plaintiff was qualified for the position. Therefore, the Court concludes Plaintiff was qualified for the technical education position.

The third element of the Court's analysis is apparent given the facts of this case. No person was hired for the technical education position at Young Middle School for the '96–'97 school year. Given this fact, the Court concludes that Plaintiff was rejected despite his qualifications.

▆ It is the fourth element of the Court's analysis that Plaintiff does not meet. The position of technology education instructor was eventually given to Nichelle Glenn, a black female. However, that event occurred in the '97–'98 school year, after the school was turned into a magnet school. Plaintiff admits he never applied for the Young Magnet School position for the '97–'98 school year. (Dkt. 15, Anthony Deposition at 32–33). Plaintiff also admits to knowledge of a separate application process that is required for a magnet school position. Plaintiff did not apply for the position that was given to Nichelle Glenn.

This Court concludes that Plaintiff has not established a prima facie case of discrimination. Step four of the McDonnell Douglas/Burdine analysis was not met. The position Plaintiff applied for was at Young Middle School for the '96–'97 school year. The position given to Nichelle Glenn was at Young Magnet School for the '97–'98 school year. Since Plaintiff has failed to satisfy step four of the Court's

analysis, Plaintiff does not meet his initial burden of establishing a prima facie case.

Defendant is entitled to a judgment as a matter of law because Plaintiff has failed to make a sufficient showing on an essential element of the case with respect to which Defendant has the burden of proof. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. On account of Plaintiff's failure to meet the initial burden of establishing a prima facie case, the Court does not address Plaintiff's proof of pretext argument that follow under the McDonnell Douglas/Burdine analysis.

Because Plaintiff has not established a prima facie case under Title VII for discrimination, this Court, having considered all of the arguments of the parties, finds that Defendant's Motion for Summary Judgment should be granted and Plaintiff's Motion for Partial Summary Judgment should be denied. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment, (Dkts.14, 31) is **granted** and Plaintiff's Motion for Partial Summary Judgment (Dkt.33) is **denied.** The Clerk of the Court shall enter a final judgment for Defendant.